THE HONORABLE ROSANNA MALOUF PETERSON

STEVE W. BERMAN, WSBA No. 12536
TYLER WEAVER, WSBA No. 29413
KARL P. BARTH, WSBA No. 22780
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

[Additional Counsel Listed on Signature Block]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| BILL COADY, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br><br>    v.<br><br>ITRON, INC., *et al.*,<br><br>                   Defendants. | No. 2:11-cv-00077-RMP<br><br>MEMORANDUM OF LAW IN SUPPORT OF CITY OF ROYAL OAK RETIREMENT SYSTEM MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF COUNSEL<br><br>WITHOUT ORAL ARGUMENT<br><br>May 31, 2011 |

MEM. OF LAW ISO CITY OF ROYAL OAK
RETIREMENT SYSTEM MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF &FOR
APPROVAL OF SELECTION OF COUNSEL - 1
(2:11-cv-00077-RMP)
010236-11 444030 V1

HAGENS BERMAN

1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1

## I. PRELIMINARY STATEMENT

This securities class action lawsuit ("the Action") was brought on behalf of all purchasers of securities of Itron, Inc. ("Itron" or the "Company") between April 28, 2010, and February 16, 2011, inclusive (the "Class Period"). The Action alleges violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, and the Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

City of Royal Oak Retirement System (the "Retirement System") will, and hereby does, move this Court for an order: (1) appointing the Retirement System as Lead Plaintiff in the above-captioned action pursuant to the PSLRA; and (2) approving the Retirement System's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel and Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Liaison Counsel pursuant to the PSLRA.

This Motion is brought on the grounds that the Retirement System is the most adequate lead plaintiff possessing the largest financial interest in the relief sought by the class. In addition, the Retirement System meets the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of the class and it will fairly and adequately represent the class. The Retirement System also seeks approval of its choice of counsel.

The Retirement System should be appointed as lead plaintiff because it: (1) timely filed for appointment as lead plaintiff; (2) has the largest financial

MEM. OF LAW ISO CITY OF ROYAL OAK
RETIREMENT SYSTEM MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF &FOR
APPROVAL OF SELECTION OF COUNSEL - 2
(2:11-cv-00077-RMP)
010236-11  444030 V1



HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

interest in this litigation of any proposed lead plaintiff of which it is aware; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). In addition, the Retirement System is precisely the type of institutional investor Congress intended would lead securities actions like this one. *Armour v. Network Assocs.*, 171 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001) ("The underlying assumption of the PSLRA's lead plaintiff provisions is that the greater resources and litigation experience possessed by institutional investors makes them better equipped to serve as lead plaintiffs in securities class actions."). Finally, the Retirement System's selection of Robbins Geller to serve as lead counsel and Hagens Berman to serve as Liaison Counsel should be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Robbins Geller possesses experience in the prosecution of securities class actions and will adequately represent the interests of all class members as lead counsel.

## II. SUMMARY OF PENDING ACTION

Itron provides products and services for the energy and water markets worldwide. The Complaint alleges that the Company and certain of its executive officers issued false and misleading statements and/or failed to disclose that: (1) the Company improperly recognized revenue on a contract due to an extended warranty obligation; (2) the Company's revenue and financial results were overstated during the Class Period; (3) the Company's financial results were not prepared in accordance with Generally Accepted Accounting Principles ("GAAP"); (4) the Company lacked adequate internal and financial controls; and



(5), as a result of the above, the Company's financial statements were materially false and misleading at all relevant times.

On February 16, 2011, Itron announced it was restating its financial results for the quarters ended March 31, June 30, and September 30, 2010, to correct improperly recognized revenue on a contract due to an extended warranty obligation.  The Company's restatement reduced total revenue for the first nine months of 2010 by $6.1 million, and both GAAP and non-GAAP diluted earnings per share were reduced by $0.11 over this same period.  On this news, Itron shares declined $6.33 per share, to close on February 17, 2011, at $57.29 per share, on unusually heavy trading volume.

### III.    ARGUMENT

### A.    The Retirement System Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for appointing lead plaintiffs in each private action arising under the Exchange Act that is brought as a plaintiff class action, pursuant to the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i). Here, the relevant notice was published on *Business Wire* on February 23, 2011. *See* Declaration of Karl P. Barth in Support of City of Royal Oak Retirement System's Motion for Appointment as Lead Plaintiff and for Approval of Selection

MEM. OF LAW ISO CITY OF ROYAL OAK
RETIREMENT SYSTEM MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF &FOR
APPROVAL OF SELECTION OF COUNSEL - 4
(2:11-cv-00077-RMP)
010236-11  444030 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

of Counsel ("Barth Decl."), Ex. A.[1]  Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  15 U.S.C. § 78u-4(a)(3)(A)(II).

Second, the PSLRA provides that within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. § 78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa)    has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

---

[1] The national news wire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "'in a widely circulated national business-oriented publication or wire service.'"  *Greebel v. FTP Software*, 939 F. Supp. 57, 58 (D. Mass. 1996) (emphasis is added and citations are omitted here and throughout, unless otherwise noted).

MEM. OF LAW ISO CITY OF ROYAL OAK
RETIREMENT SYSTEM MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF &FOR
APPROVAL OF SELECTION OF COUNSEL - 5
(2:11-cv-00077-RMP)
010236-11  444030 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

1

### 1.    The Retirement System has timely moved for appointment as Lead Plaintiff

All class members who are interested in moving for the appointment of lead plaintiff in this matter must do so by April 25, 2011.  15 U.S.C. § 78u-4(a)(3)(A)(II).  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on February 23, 2011), the Retirement System hereby moves this Court in a timely manner to be appointed lead plaintiff on behalf of all members of the class.

The Retirement System has also duly signed and filed a certification stating it has reviewed the allegations of the complaint and is willing to serve as a representative party on behalf of the class.  *See* Barth Decl., Ex. B.

### 2.    The Retirement System has the requisite financial interest in the relief sought by the Class

During the Class Period the Retirement System suffered losses of approximately $9,600 based on its purchases of Itron securities during the Class Period.  *See* Barth Decl., Exs. B, C.  Accordingly, upon information and belief, the Retirement System has the largest financial interest in the outcome of this litigation and should be appointed lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### 3.    The Retirement System otherwise satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(cc), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative

MEM. OF LAW ISO CITY OF ROYAL OAK
RETIREMENT SYSTEM MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF &FOR
APPROVAL OF SELECTION OF COUNSEL - 6
(2:11-cv-00077-RMP)



HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

only if the following four requirements are satisfied:  (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the lead plaintiff movant.  Consequently, in deciding a lead plaintiff motion, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a class certification motion is filed.  *See In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 372 (M.D.N.C. 2003).

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members.  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264-65 (3d Cir. 2001).  Typicality does not require that there be no factual differences between the class representatives and the class members, because it is the generalized nature of the claims asserted which determines whether the class representatives are typical.  *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ('"With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that

MEM. OF LAW ISO CITY OF ROYAL OAK
RETIREMENT SYSTEM MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF &FOR
APPROVAL OF SELECTION OF COUNSEL - 7
(2:11-cv-00077-RMP)
010236-11  444030 V1



HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1    gave rise to the claims of the absent [class] members.'").  The Court should

2    consider whether movant's circumstances "'are markedly different or . . . the legal

3    theory upon which the claims [of that movant] are based differs from that upon

4    which the claims of other class members will perforce be based.'"  *Hassine v.*

5    *Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988).  The requirement that the proposed class

6    representatives' claims be typical of the claims of the class does not mean,

7    however, that the claims must be identical.

8

9            The Retirement System satisfies the typicality requirement of Rule 23

10   because, just like all other class members, it:  (1) purchased Itron securities during

11   the Class Period at artificially inflated prices; and (2) suffered damages thereby.

12   Thus, the Retirement System's claims are typical of those of other class members

13   since its claims and the claims of other class members arise out of the same course

14   of events.

15

16           Under Rule 23(a)(4) the representative party must also "fairly and

17   adequately protect the interests of the class."  The PSLRA directs the court to limit

18   its inquiry of the movant's adequacy to represent the class to the following:  (1) the

19   absence of potential conflict between the proposed lead plaintiff and the class

20   members; and (2) the class representatives' choice of counsel who is qualified,

21   experienced and able to vigorously conduct the proposed litigation.  *See Cree*, 219

22   F.R.D. at 372.

23           Here, the Retirement System is an adequate representative of the class

24   because its interests in aggressively pursuing the claims against defendants are

25

26

MEM. OF LAW ISO CITY OF ROYAL OAK
RETIREMENT SYSTEM MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF &FOR
APPROVAL OF SELECTION OF COUNSEL - 8
(2:11-cv-00077-RMP)
010236-11  444030 V1



clearly aligned with the interests of the members of the class, who similarly suffered losses because of defendants' false statements to the market.  There is no antagonism between the interests of the Retirement System and those of the other members of the class.  In addition, as demonstrated below, the Retirement System's proposed counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.  Thus, the Retirement System *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this Motion.

**B.     The Retirement System's Selection of Counsel Should Be Approved**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent. In that regard, the Retirement System, as the presumptively most adequate plaintiff, has selected Robbins Geller as lead counsel and Hagens Berman as liaison counsel, subject to this Court's approval.  *See* Barth Decl., Exs. D & E. Robbins Geller is a 180-lawyer law firm that is actively engaged in complex litigation emphasizing securities, consumer and antitrust class actions.  Robbins Geller possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors.  The firm's lawyers have been appointed as lead or co-lead counsel in landmark class actions, including *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465 (S.D.N.Y. 1998), where plaintiffs' recovery was the largest ever in an antitrust case, and *In re Enron Corp., Sec. Litig.*, 206 F.R.D.

MEM. OF LAW ISO CITY OF ROYAL OAK
RETIREMENT SYSTEM MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF &FOR
APPROVAL OF SELECTION OF COUNSEL - 9
(2:11-cv-00077-RMP)
010236-11  444030 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

427 (S.D. Tex. 2002). Robbins Geller's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Barth Decl., Ex. D.

Plaintiffs' choice of Liaison Counsel, Hagens Berman, is also very experienced in class action litigation, and particularly in securities litigation, where we have achieved numerous successes throughout the country and in this Court. For example, Hagens Berman recently settled a securities fraud class action against Charles Schwab for $235 million, and has previously been lead or co-lead counsel in numerous other securities class actions, including cases against Boeing (a $92.5 million settlement, as co-lead counsel, along with Robbins Geller), Morrison Knudsen (a $63 million settlement), and numerous others. Hagens Berman also has a long history of successes in securities and other litigation in this District. For example, we acted as Liaison Counsel for Robbins Geller in the *Ambassadors' Group Secs. Litigation*, which very recently settled on very favorable terms for the Class. We were also lead counsel in *In re Metropolitan Securities Litig.*, No. 04-025-FVS (E.D. Wash.), which settled last year for $38.5 million.

## IV.    CONCLUSION

For the foregoing reasons, the Retirement System satisfies the requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as lead plaintiff in this action and should be appointed lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B). the Retirement System respectfully requests that this Court: (1) appoint

MEM. OF LAW ISO CITY OF ROYAL OAK
RETIREMENT SYSTEM MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF &FOR
APPROVAL OF SELECTION OF COUNSEL - 10
(2:11-cv-00077-RMP)
010236-11  444030 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

1    it as Lead Plaintiff pursuant to §21D(a)(3)(B); and (3) approve its selection of

2    Robbins Geller as Lead Counsel and Hagens Berman as Liaison Counsel.

3    DATED:  April 25, 2011.

4

5                                         HAGENS BERMAN SOBOL SHAPIRO

6                                         By ___/s/ Karl P. Barth_____

7                                              Steve W. Berman, WSBA #12536
                                             Karl P. Barth, WSBA #22780
8                                              Tyler Weaver, WSBA #29413
                                         1918 Eighth Avenue, Suite 3300
9                                         Seattle, Washington 98101
                                         Telephone:  (206) 623-7292
10                                        Facsimile:   (206) 623-0594
                                         karlb@hbsslaw.com
11

12                                        [Proposed] Liaison Counsel

13                                        ROBBINS GELLER RUDMAN &
                                               DOWD LLP
14                                        DARREN J. ROBBINS
15                                        TRICIA L. MCCORMICK
                                         655 West Broadway, Suite 1900
16                                        San Diego, CA  92101-3301
                                         Telephone:  619/231-1058
17                                        619/231-7423 (fax)
                                         darrenr@rgrdlaw.com
18                                        triciam@rgrdlaw.com
19
                                         [Proposed] Lead Counsel for Plaintiffs
20

21                                        VANOVERBEKE MICHAUD
                                               & TIMMONY, P.C.
22                                        THOMAS C. MICHAUD
                                         79 Alfred Street
23                                        Detroit, MI  48201
                                         Telephone:  313/578-1200
24                                        313/578-1201 (fax)

25                                        Additional Counsel for Plaintiff

26

MEM. OF LAW ISO CITY OF ROYAL OAK
RETIREMENT SYSTEM MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF &FOR
APPROVAL OF SELECTION OF COUNSEL - 11
(2:11-cv-00077-RMP)
010236-11  444030 V1



HB HAGENS BERMAN

1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 25, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

- **Karl P Barth**
  karlb@hbsslaw.com,dawn@hbsslaw.com,shelbys@hbsslaw.com
- **Ronald L Berenstain**
  rberenstain@perkinscoie.com,docketsea@perkinscoie.com,jstarr@perkinscoie.com
- **Steve W Berman**
  steve@hbsslaw.com,heatherw@hbsslaw.com
- **Sean C Knowles**
  sknowles@perkinscoie.com,jnorville@perkinscoie.com
- **Angela Rene Martinez**
  AMartinez@perkinscoie.com,docketsea@perkinscoie.com,jbrasser@perkinscoie.com
- **Austin Rice-Stitt**
  aricestitt@perkinscoie.com,kklemperer@perkinscoie.com
- **Tyler S Weaver**
  tyler@hbsslaw.com,carrie@hbsslaw.com

DATED:  April 25, 2011.

HAGENS BERMAN SOBOL SHAPIRO


By ___/s/ Karl P. Barth_____
Karl P. Barth, WSBA #22780
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone:  (206) 623-7292
Facsimile:   (206) 623-0594
karlb@hbsslaw.com

MEM. OF LAW ISO CITY OF ROYAL OAK
RETIREMENT SYSTEM MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF &FOR
APPROVAL OF SELECTION OF COUNSEL - 12
(2:11-cv-00077-RMP)
010236-11  444030 V1

