THE HONORABLE ROSANNA MALOUF PETERSON

Ronald L. Berenstain, WSBA No. 7573
Sean C. Knowles, WSBA No. 39893
Angela R. Martinez, WSBA No. 38326
Austin J. Rice-Stitt, WSBA No. 42166
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
RBerenstain@perkinscoie.com
SKnowles@perkinscoie.com
AMartinez@perkinscoie.com
ARiceStitt@perkinscoie.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| CITY OF ROYAL OAK RETIREMENT SYSTEM, et al., Individually and on Behalf of all Others Similarly Situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>ITRON, INC., MALCOLM UNSWORTH, and STEVEN M. HELMBRECHT,<br><br>        Defendants. | No. cv-11-077-RMP<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS<br><br>NOTE FOR MOTION CALENDAR:<br>    February 23, 2012<br>    2:00 p.m.<br><br>ORAL ARGUMENT REQUESTED |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT

10145-6012/LEGAL21929582.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ................................................................1

II.   BACKGROUND ................................................................................4

      A.    The Parties. .............................................................................4

      B.    Itron's February 16, 2011 Announcement. ...................................5

      C.    Plaintiff's Claims. ....................................................................7

III.  ARGUMENT ...................................................................................7

      A.    The PSLRA Imposes a Heightened Pleading
            Standard. .................................................................................7

      B.    Plaintiff's Allegations Do Not Raise the Required
            Strong Inference of Scienter. ......................................................9

            1.    The Restatement Itself Does Not Create a
                  Strong Inference of Scienter. ...........................................11

            2.    The Individual Defendants' Positions at the
                  Company and the "Importance" of the
                  Contract at Issue in the Restatement Do
                  Not Raise a Strong Inference of Scienter. ........................17

            3.    The Individual Defendants' Signatures on
                  SOX Certifications Do Not Create a Strong
                  Inference of Scienter. ....................................................21

            4.    Plaintiff's Motive and Opportunity
                  Allegations Fail to Raise the Required
                  Strong Inference of Scienter. ...........................................22

                  a.    The Individual Defendants Received No
                        Financial Benefit from the Misstated Financial
                        Results. .............................................................23

                  b.    The Absence of Any Insider Stock Sales Refutes
                        Any Inference of Scienter Based on "Motive and
                        Opportunity." .....................................................26

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – i

10145-6012/LEGAL21929582.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# TABLE OF CONTENTS
## (continued)

5.    Considered Holistically, Plaintiff's Scienter Allegations Do Not Raise an Inference of Scienter that Is Stronger than a Competing, Nonculpable Inference......................................................27

C.    The Consolidated Complaint Fails to State a Claim Under Section 20(a) of the Exchange Act.........................29

D.    Plaintiff Should Not Be Given Leave to Amend. ........................30

IV.    CONCLUSION ........................................................................................30

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – ii
10145-6012/LEGAL21929582.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# **TABLE OF AUTHORITIES**

**CASES**

*Alaska Elec. Pension Fund v. Adecco S.A.*,
  434 F. Supp. 2d 815 (S.D. Cal. 2006), aff'd sub nom., *In re Adecco S.A. Sec. Litig.*, 256 Fed. Appx. 74 (9th Cir. 2007)......................................13, 15

*Allen v. City of Beverly Hills*,
  911 F.3d 367, 373 (9th Cir. 1990)…………………………………............30

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937 (2009) ..................................................................7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..........................................................................................7

*Berson v. Applied Signal Technology, Inc.*,
  527 F.3d 982 (9th Cir. 2008) ..............................................................18, 19, 20

*Clegg v. Cult Awareness Network*,
  18 F.3d 752 (9th Cir. 1994) ................................................................................8

*Curry v Hansen Med., Inc.*,
  No. 5:09-cv-05094-JF (HRL), 2011 WL 3741238 (N.D. Cal. Aug. 25, 2011) ................................................................................................................15, 17

*Desserault v. Yakima Chief Prop. Holdings, LLC*,
  No. CV-09-3055-RMP, 2010 WL 2232945 (E.D. Wash. June 3, 2010) ..................................................................................................................9, 23

*DSAM Global Value Fund v. Altris Software, Inc.*,
  288 F.3d 385 (9th Cir. 2002) ............................................................................14

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – iii
10145-6012/LEGAL21929582.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## TABLE OF AUTHORITIES
### (continued)

*Ernst & Ernst v. Hochfelder*,
   425 U.S. 185 (1976) ...................................................................................9

*Glazer Capital Mgmt., LP v. Magistri*,
   549 F.3d 736 (9th Cir. 2008) ..................................................................22

*Howard v. Everex Sys., Inc.*,
   228 F.3d 1057 (9th Cir. 2000) ................................................................29

*In re McKesson HBOC, Inc. Secs. Litig.*,
   126 F. Supp. 2d 1248 (N.D. Cal. 2000)………………………………… ............13

*In re Read-Rite Corp.*,
   335 F.3d 843 (9th Cir. 2003) ..................................................................18

*In re Silicon Graphics Inc. Sec. Litig.*,
   183 F.3d 970 (9th Cir. 1999) ..................................................... 9-10, 22

*In re Software Toolworks Inc.*,
   50 F.3d 615 (9th Cir. 1994) ....................................................................12

*In re Vantive Corp. Sec. Litig.*,
   283 F.3d 1079 (9th Cir. 2002) ....................................................8, 27, 30

*In re VeriFone Holdings, Inc. Securities Litigation*,
   No. C#07-6140#MHP, 2011 WL 1045120 (N.D. Cal. Mar. 22, 2011) .............15

*In re Wet Seal, Inc. Secs. Litig.*,
   518 F. Supp. 2d 1148 (C.D. Cal. 2007)………………………………............30

*In re Worlds of Wonder Sec. Litig.*,
   35 F.3d 1407 (9th Cir. 1994) ............................................... 12, 16, 26

*Lipton v. Pathogenesis Corp.*,
   284 F.3d 1027 (9th Cir. 2002) ................................................................23

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – iv

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

10145-6012/LEGAL21929582.1

**TABLE OF AUTHORITIES**
(continued)

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
  540 F.3d 1049 (9th Cir. 2008) ...............................................................23, 26, 27

*No. 84 Employer-Teamster Joint Council Pension Trust Fund v. Am. W.
  Holding Corp.*,
  320 F.3d 920 (9th Cir. 2003) ..........................................................19, 20, 21, 22

*Richard v. Nw. Pipe Co.*,
  No C9-5724RBL, 2011 WL 3813073 (W.D. Wash. Aug. 26, 2011)................16

*Ronconi v. Larkin*,
  253 F.3d 423 (9th Cir. 2001)……………………………………….................8

*S. Ferry LP, No. 2 v. Killinger*,
  542 F.3d 776 (9th Cir. 2008) .......................................................... 18, 23, 27-28

*SEC v. Berry*,
  580 F. Supp. 2d 911 (N.D. Cal. 2008).......................................................12, 13

*Stoneridge Inv. Partners, LLC v. Scientific Atlanta, Inc.*,
  552 U.S. 148 (2008) ...................................................................................8

*Tellabs Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) .....................................................................10, 27, 28

*Tripp v. Indymac Fin. Inc.*,
  No. CV07-1635-GW(VBKx), 2007 WL 4591930 (C.D. Cal. Nov. 29,
  2007) ..........................................................................................................26

*Zucco Partners, LLC v. Digimarc Corp.*,
  552 F.3d 981 (9th Cir. 2009)…………………………………….......*passim*

**STATUTES**

15 U.S.C. § 78(a) *et seq.*. ..............................................................................7, 8, 30

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – v

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## TABLE OF AUTHORITIES
### (continued)

15 U.S.C. § 78u-4(b)(1) ............................................................................................9

**RULES**

Fed. R. Civ. P. 9(b) .............................................................................................4, 8

Fed. R. Civ. P. 10b-5 ..........................................................................................7, 8

Fed. R. Civ. P. 12(b)(6) ..........................................................................................4

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – vi

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Defendants Itron, Inc. ("Itron" or the "Company"), Itron's former Chief Executive Officer Malcolm Unsworth ("Mr. Unsworth")[1] and Itron's Chief Financial Officer Steven Helmbrecht ("Mr. Helmbrecht," and with Mr. Unsworth, the "Individual Defendants," and collectively with Itron, "Defendants") respectfully submit this memorandum of law in support of their motion to dismiss with prejudice Plaintiff's Consolidated Complaint for Violations of Federal Securities Laws ("Consolidated Complaint" or "CC," ECF No. 26).

## I.    PRELIMINARY STATEMENT

On February 16, 2011, Itron announced its financial results for fiscal year 2010.  It reported full year revenue of $2.26 billion, net income of $105 million and earnings per share of $2.56.  Knowles Decl., Ex. A at 5-6.  At the same time, Itron announced that it had restated its financial results for the first three quarters of 2010, primarily to defer $6.1 million of extended warranty revenue that had been prematurely recognized on a single contract.  *Id.*  The effect of the restatement was to reduce Itron's revenue for the first three quarters from $1.644 billion to $1.638 billion—a reduction of $6.1 million, or 0.37%.  CC ¶ 68.

_____

[1]  On August 31, 2011, Itron announced the retirement of Mr. Unsworth. *See* Ex. D to the Declaration of Sean C. Knowles In Support of Motion to Dismiss Complaint for Violation of Federal Securities Laws ("Knowles Decl."), filed concurrently herewith.

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – 1
10145-6012/LEGAL21929582.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Disregarding the fluff and hyperbole, the Consolidated Complaint contains no facts to support an assertion of fraud. Indeed, Plaintiff's claim rests entirely on the February 16, 2011 announcement of the extended warranty revenue restatement, which was followed one week later by the filing of the initial securities fraud complaint in this lawsuit. Lacking any particularized facts to support the proposition that the Individual Defendants intentionally failed to defer the extended warranty revenue from one contract, Plaintiff pleads backwards from the announcement and implausibly alleges that the Individual Defendants "must have known" about the accounting error. But the Private Securities Litigation Reform Act ("PSLRA") does not allow pleading by speculation or hindsight. Instead, the PSLRA requires Plaintiff to plead particularized facts from which to infer that the Individual Defendants intentionally or recklessly permitted premature recognition of extended warranty revenue.

Plaintiff has had six months since the initial complaint was filed to investigate and prepare the Consolidated Complaint. But the Consolidated Complaint, just like its predecessor, relies entirely on a single fact—the February 16, 2011 announcement of the extended warranty revenue restatement—to support Plaintiff's nonsensical fraud theory. The Consolidated Complaint is notable in that it:

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – 2
10145-6012/LEGAL21929582.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

- *fails* to allege that either Individual Defendant sold any of his considerable Itron stock holdings during the ten-month class period;

- *fails* to allege that any "confidential witness" has information that purports to demonstrate that either Individual Defendant knew about the prematurely recognized extended warranty revenue prior to the discovery leading to the restatement;

- *fails* to allege that the extended warranty revenue at issue in the restatement was fictitious and instead concedes that the restatement concerns only the timing of recognition of that revenue; and

- *fails* to allege that any of the investment analysts who follow the Company and wrote reports after the February 16, 2011 announcement commented negatively regarding the extended warranty revenue restatement.

The Consolidated Complaint does not come close to satisfying the PSLRA's heightened pleading requirements. Plaintiff fails to allege particularized facts demonstrating that the Individual Defendants acted recklessly or with fraudulent intent with respect to the timing of the recognition of the extended warranty revenue. Lacking particularized facts, Plaintiff instead relies on vague, conclusory allegations concerning the Individual Defendants' positions at the Company, their signatures on certifications required by the Sarbanes-Oxley Act

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – 3
10145-6012/LEGAL21929582.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

("SOX"), and their purported "motive and opportunity" to engage in securities fraud. But Congress established the PSLRA's heightened pleading standard to prevent claims of "fraud by hindsight," which is exactly the thesis of the Consolidated Complaint. If Plaintiff had developed any facts to support a fraud claim since the original complaint was filed, it would have pled them in the Consolidated Complaint. Because Plaintiff has not met the pleading requirements for its securities fraud claim, the Consolidated Complaint should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 9(b), Rule 12(b)(6) and the PSLRA.

## II.    BACKGROUND[2]

### A.    The Parties.

Itron is the world's leading provider of smart metering, data collection and utility software systems and delivers end-to-end smart grid and smart distribution solutions to electric, gas and water utilities around the globe. Knowles Decl., Ex. A at 6. Mr. Unsworth was the Company's President and CEO, and Mr. Helmbrecht is the Company's CFO and Senior Vice President. CC ¶¶ 19-20.

Plaintiff was appointed Lead Plaintiff in this action on June 23, 2011 and allegedly purchased Itron securities between April 28, 2010 and February 16,

---

[2] For purposes of this motion, Defendants assume, as they must, but do not concede, the truth of Plaintiff's allegations in the Consolidated Complaint.

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – 4
10145-6012/LEGAL21929582.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

2011 (the "Class Period").  CC ¶ 17; ECF No. 11.  Plaintiff purportedly asserts claims on behalf of a class of persons who purchased or otherwise acquired Itron securities during the Class Period.  CC ¶¶ 1, 25.

**B.    Itron's February 16, 2011 Announcement.**

On February 16, 2011, Itron announced 2010 revenue of $2.26 billion and net income of $105 million.  Knowles Decl., Ex. A at 5-6.  At the same time, Itron reported that it was restating its financial results for the first three quarters of 2010 (the "Restatement").  CC ¶ 3.  Itron reported that it was restating its first three quarters "primarily to defer revenue that had been incorrectly recognized on one contract due to a misinterpretation of an extended warranty obligation.  The effect was to reduce revenue and earnings in each of the first three quarters of the year."  Knowles Decl., Ex. A at 5; CC ¶ 72.  During Itron's February 16, 2011 earnings conference call, Mr. Helmbrecht stated that the Restatement related only to premature recognition of revenue, "will not impact the total amount of revenue recognized over the life of the contract," and had "no impact on cash flow, as we are receiving payment for the extended warranty."  Knowles Decl., Ex. B at 21.

The Restatement:  (1) reduced Itron's revenue for the first three quarters of 2010 from approximately $1.644 billion to approximately $1.638 billion—a reduction of $6.1 million, or 0.37%, in revenue; (2) reduced Itron's net income over that period from $82.8 million to $78.2 million, a reduction of $4.6 million,

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – 5
10145-6012/LEGAL21929582.1

or 5.5%; and (3) reduced Itron's total basic earnings-per-share over that period from $2.06 to $1.94—a reduction of $0.12, or 5.8%. CC ¶ 68. The Restatement did not result in any change in total cash provided by Itron's operating activities nor did it affect the total extended warranty revenue Itron expected to receive from this contract. Knowles Decl., Ex. A at 11. Thus, as the Consolidated Complaint recognizes, the Restatement merely resulted in a deferral of $6.1 million in accrued revenue—0.37% of the total revenue for that period—related to an extended warranty purchased by a single customer. CC ¶ 72.

Plaintiff acknowledges that, pursuant to relevant accounting standards, a restatement is only material if it exceeds a 5% "rule of thumb" and, viewed with respect to net income and basic earnings-per-share, the Restatement *barely* exceeds that threshold here. CC ¶ 92(c). Plaintiff alleges that Itron's stock price declined by $6.33 per share after disclosure of the Restatement but ignores that, on February 16, 2011, Itron also disclosed 2011 earnings guidance that was lower than analyst expectations. Knowles Decl., Ex. B at 24 ("2011 [revenue] guidance is essentially down sequentially"); *id.* at 26 ("Just to clarify, your guidance for 2011 assumes sequential decline in both North America and international business, or is it just one or the other?").

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – 6
10145-6012/LEGAL21929582.1

On February 24, 2011, Itron released its 2010 annual results, which incorporated the restated financial results for the relevant three quarters in 2010. *See* CC ¶ 5 n.4.

**C.    Plaintiff's Claims.**

Plaintiff alleges two causes of action against Defendants:  first, for securities fraud under section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder; and second, for control person liability under section 20(a) of the Exchange Act.  CC ¶¶ 3, 109-16, 117-21.

## III.    ARGUMENT

**A.    The PSLRA Imposes a Heightened Pleading Standard.**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citations omitted).  To survive a motion to dismiss, Plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, a court need not accept as true conclusory allegations,

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – 7
10145-6012/LEGAL21929582.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

unreasonable inferences or unwarranted deductions of fact in the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim for securities fraud under section 10(b), a plaintiff must adequately plead "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection . . . [with] the purchase or sale of a security; (4) reliance . . .; (5) economic loss; and (6) loss causation." *Stoneridge Inv. Partners, LLC v. Scientific Atlanta, Inc.*, 552 U.S. 148, 157 (2008). "At the pleading stage, a complaint stating claims under section 10(b) and Rule 10b–5 must satisfy the dual pleading requirements of Federal Rule of Civil Procedure 9(b) and the PSLRA." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009). Rule 9(b) requires that "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

Additionally, the PSLRA requires that scienter be pled with particularity. *Zucco*, 552 F.3d at 990; *Ronconi v. Larkin*, 253 F.3d 423, 429 (9th Cir. 2001). Congress enacted the PSLRA to "eliminate abusive securities litigation and particularly to put an end to the practice of pleading 'fraud by hindsight.'" *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1084-85 (9th Cir. 2002) (citation omitted). The only fact alleged to support Plaintiff's fraud theory here is the Restatement itself, which is exactly the type of fraud-by-hindsight claim that the PSLRA was intended to eliminate.

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – 8
10145-6012/LEGAL21929582.1

**B.   Plaintiff's Allegations Do Not Raise the Required Strong Inference of Scienter.**[3]

The PSLRA requires that Plaintiff allege "'with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'"  *Desserault v. Yakima Chief Prop. Holdings, LLC*, No. CV-09-3055-RMP, 2010 WL 2232945, at *6 (E.D. Wash. June 3, 2010) (quoting *Zucco*, 552 F.3d at 990)); *see also Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193-94 & n.12 (1976) (defining "scienter" as a "mental state embracing an intent to deceive, manipulate, or defraud").  At a minimum, to avoid dismissal of the Consolidated Complaint, Plaintiff must plead particular facts giving rise to a strong inference of deliberate recklessness.  *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 979 (9th Cir. 1999); *see also Yakima Chief*, 2010 WL 2232945, at *6.  "[D]eliberate

---

[3]  The PSLRA requires that Plaintiff specify each statement alleged to have been misleading and the reason why each such statement is misleading.  15 U.S.C. § 78u-4(b)(1).  Here, the alleged misleading statements are Itron's unaudited financial statements for the first three quarters of 2010, disclosures concerning Itron's internal controls, and SOX certifications signed by the Individual Defendants.  CC ¶¶ 38-39, 42, 45-46, 49, 52-53, 55, 59-60.  Although Defendants do not concede the existence of any material misstatements, in this motion Defendants address only Plaintiff's failure to meet the scienter pleading requirement.  Because the Consolidated Complaint fails to satisfy the scienter pleading requirement, it is not necessary to address the false statement element.

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – 9
10145-6012/LEGAL21929582.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

recklessness" is "'a form of intentional or knowing misconduct.'"  *Zucco*, 552 F.3d at 991 (quoting *In re Silicon Graphics*, 183 F.3d at 976).  To determine whether a plaintiff has alleged facts giving rise to a "strong inference" of scienter, the court is to consider plausible, nonculpable explanations for defendants' conduct in addition to any inferences favorable to plaintiff.  *Tellabs Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007).  "An inference of fraudulent intent may be plausible, yet less cogent than other, nonculpable explanations for the defendant's conduct."  *Id.* at 314.  Evidence of scienter that is merely "reasonable" or "permissible" is insufficient to defeat a motion to dismiss.  *Id.* at 324.  A plaintiff must allege an inference of scienter that is both "cogent" and "at least as compelling as any opposing inference one could draw from the facts alleged."  *Id.*

The Consolidated Complaint fails to raise a strong inference that the Individual Defendants acted with scienter because none of the reasonable inferences to be drawn from the facts alleged come close to demonstrating that the Individual Defendants had any intent to engage in fraud.  The facts alleged do not provide a recognizable motivation for committing fraud—Plaintiff's fraud theory simply makes no sense.  The competing, non-culpable explanation—that the Individual Defendants innocently discovered an accounting error regarding the timing of the recognition of extended warranty revenue—is much more plausible.

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – 10
10145-6012/LEGAL21929582.1

Plaintiff unsuccessfully relies on the following allegations to attempt to plead the required strong inference of scienter:  (1) Itron's issuance of the Restatement evidences scienter, CC ¶¶ 92(a)-(e), 93; (2) the Restatement related to a "major" and "importan[t] large contract," and therefore the Individual Defendants had to know about the improper accounting, CC ¶¶ 5-7, 81-87; (3) the Individual Defendants signed SOX certifications stating that the Company complied with Generally Accepted Accounting Principles ("GAAP") and had adequate internal controls which would have alerted them to the accounting error, CC ¶¶ 60, 88-91, 94-95; and (4) the Individual Defendants had motive to artificially inflate Itron's earnings to "allay investor concern over Itron's future financial results" in order to increase their personal compensation and incentive awards, CC ¶¶ 81, 96-99.  As discussed below, these allegations—whether standing alone or viewed holistically—are conclusory, based on speculation, and entirely insufficient to establish the strong inference of scienter required by the PSLRA.

### 1.    The Restatement Itself Does Not Create a Strong Inference of Scienter.

Given that Plaintiff has alleged no facts from which to infer that the Individual Defendants intentionally overstated extended warranty revenue by $6.1 million, Plaintiff resorts to the simple but insufficient assertion that the issuance of the Restatement itself provides a basis from which to strongly infer scienter.

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – 11
10145-6012/LEGAL21929582.1

CC ¶¶ 92(a)-(e), 93 ("Itron's Restatement Supports Scienter").  But contrary to Plaintiff's claim, a restatement does not equal fraud, and courts have consistently held that the fact of a restatement of financial results does not alone raise a strong inference of scienter.  *E.g.*, *Zucco*, 552 F.3d at 1000 ("[T]he mere publication of a restatement is not enough to create a strong inference of scienter."); *In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1426 (9th Cir. 1994) (same); *In re Software Toolworks Inc.*, 50 F.3d 615, 627-28 (9th Cir. 1994) (same).[4]  When pleading

---

[4]  Plaintiff attempts to bolster its assertion that a financial restatement is sufficient to allege scienter by mischaracterizing a section of a 2002 *amicus curiae* brief filed by the SEC.  *See* CC ¶¶ 70 n.11, 93.  First, Plaintiff fails to acknowledge that the PSLRA's heightened pleading requirements apply only to *private* actions and do not apply to claims brought by the SEC.  *E.g.*, *SEC v. Berry*, 580 F. Supp. 2d 911, 920-21 (N.D. Cal. 2008) (concluding that SEC faces a lower bar for pleading scienter than private plaintiffs under the PSLRA).  Second, in the brief, the SEC states that in its securities fraud enforcement actions, it attempts to use restated financial statements in part to prove defendants' scienter.  *See* SEC Brief as *Amicus Curiae* Regarding Defendants' Motion in *Limine* to Exclude Evidence of the Restatement and Restatement Report, *In re Sunbeam Sec. Litig.*, No. 98-cv-8258-DMM, at 1 (S.D. Fla. Feb. 22, 2002) ("SEC

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – 12
10145-6012/LEGAL21929582.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

irregularities in revenue recognition, a plaintiff must allege enough to allow the court to "discern whether the alleged GAAP violations were minor or technical in nature, or whether they constituted widespread and significant inflation of revenue." *Alaska Elec. Pension Fund v. Adecco S.A.*, 434 F. Supp. 2d 815, 822 (S.D. Cal. 2006) (citation and internal quotations omitted), aff'd sub nom, *In re Adecco S.A. Sec. Litig.*, 256 Fed. Appx. 74 (9th Cir. 2007).  A court may infer scienter "[w]hen there are substantial allegations that the violations were of the latter variety[.]"  *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248, 1273 (N.D. Cal. 2000) (scienter adequately pled where defendants deleted critical financial data during audits, were terminated for cause, and revenue inflation exceeded 25% in some quarters).

Since courts will not infer scienter based simply on the issuance of a restatement, Plaintiff attempts to plead around this deficiency in the Consolidated Complaint by offering the conclusory allegation that this Restatement shares

---

Brief"), *available at* http://www.sec.gov/litigation/briefs/sunbeam.htm.  That the SEC may seek to admit restated financial statements into evidence does not mean, as Plaintiff urges, that the SEC "*often finds*" that the persons responsible for restatements acted with scienter.  *See id.* (emphasis added).  Moreover, later in its brief, the SEC admits that it would be "improper" for a jury to infer scienter solely from the fact and magnitude of a restatement.  SEC Brief at 10.

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – 13
10145-6012/LEGAL21929582.1

certain characteristics with other restatements on which a handful of courts have partially relied to provide support for an inference of scienter.  But in terms of substance, size and duration, this Restatement is easily distinguishable from those other restatements.  First, this Restatement did not involve improper or fictitious revenue; instead, it related merely to the timing of recognition of the extended warranty revenue.  CC ¶ 72.  Plaintiff does not—and cannot—allege that the revenue at issue will not be properly recognized by the Company in the future.  To the contrary, Itron expects to receive the full amount of the extended warranty revenue attributable to the contract over the life of the contract.  Second, the amount at issue in the Restatement is, at best, *de minimis*.  For the three applicable quarters, the Restatement reduced total revenue by 0.37%; for each quarter alone, the restatement reduced revenue by 0.33% (Q1), 0.37% (Q2), and 0.40% (Q3).  CC ¶ 68.  Even Plaintiff recognizes that the Restatement barely satisfies the 5% materiality rule of thumb, and to meet that threshold, Plaintiff focuses on net income and earnings-per-share rather than revenue.  CC ¶ 92(c).

Courts in the Ninth Circuit routinely refuse to infer a strong inference of scienter based on the issuance of much larger and broader financial restatements than the one at issue here.  For example, in *DSAM Global Value Fund v. Altris Software, Inc.*, 288 F.3d 385, 387 (9th Cir. 2002), the court affirmed dismissal because it found no basis to infer scienter where a restatement of financial results

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – 14

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

for an entire year reduced net income from a $2.4 million *profit* to a $2.5 million *loss*—a 204% adjustment.  And in *In re VeriFone Holdings, Inc. Securities Litigation*, No. C#07-6140#MHP, 2011 WL 1045120, at *3 (N.D. Cal. Mar. 22, 2011), VeriFone restated three quarters of financial results, reducing operating income over that period by 129%.  Nevertheless, the court granted VeriFone's motion to dismiss, finding that plaintiffs' arguments "regarding the fact or size or duration of the restatement [are] insufficient to establish scienter."  *Id.* at *17; *see also Curry v Hansen Med., Inc.*, No. 5:09-cv-05094-JF (HRL), 2011 WL 3741238, at *2, *6 (N.D. Cal. Aug. 25, 2011) (rejecting plaintiffs' scienter allegations based on financial restatement covering 2008 year end results and quarterly results for five quarters due to lack of "specific facts" alleging that the accounting violations were "so egregious" that defendants "must have been aware of them").  The Restatement is consistent with a "minor or technical" GAAP violation, and there are no allegations that the Restatement resulted in a "significant inflation of revenue" or that any accounting issues were "widespread."  *Alaska Elec. Pension Fund*, 434 F. Supp. 2d at 822.

The cases in which courts have credited a restatement—along with other particularized allegations absent here—as a basis to infer scienter are so distinguishable from the facts alleged in the Consolidated Complaint that they deserve little mention.  For example, in a recent decision from the Western

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – 15
10145-6012/LEGAL21929582.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

District of Washington, the court found scienter adequately pled where plaintiffs alleged that fourteen separate accounting violations, including artificial inflation of revenue and earnings by concealing liabilities, which resulted in a restatement that covered three years and reduced net income and earnings-per-share by more than 150%. *Richard v. Nw. Pipe Co.*, No C9-5724RBL, 2011 WL 3813073, at *1 (W.D. Wash. Aug. 26, 2011). These allegations of a "drastic" restatement were supported by additional scienter allegations that are absent here. For instance, plaintiffs alleged that, despite defendants' claims that the company's revenue recognition practices were "open and notorious," individual defendants "each made an inconsistent statement about the company's revenue recognition practices" that were implicated by the restatement. *Id.* at *4.

Here, Plaintiff alleges only a single accounting error resulting in a *de minimis* change in revenue and other financial metrics and which involved only the timing of revenue recognition and not the existence of the revenue. Plaintiff fails to allege a single fact from which to infer that the Individual Defendants knew of the accounting error prior to the discovery leading to the Restatement. *See Worlds of Wonder*, 35 F.3d at 1425-26 (rejecting as evidence of scienter an expert's testimony that the error was "so obvious" that the accounting firm "must have been aware of it" because it was "not based on specific facts that shed light on the mental state of [the accountant's] auditors") (citation and internal

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – 16
10145-6012/LEGAL21929582.1

quotations omitted); *Curry*, 2011 WL 3741238, at *6 (rejecting scienter where it was "not apparent from the specific facts alleged in the [complaint] that the accounting mistakes made by [the company] here were so egregious that the Individual Defendants must have been aware of them").

The most plausible inference to be drawn from the facts alleged is that the Restatement is the result of the innocent discovery of a technical accounting error regarding timing for recognition of extended warranty revenue. There is nothing about the announcement of the Restatement itself from which it is possible to strongly infer scienter on the part of the Individual Defendants.

**2.      The Individual Defendants' Positions at the Company and the "Importance" of the Contract at Issue in the Restatement Do Not Raise a Strong Inference of Scienter.**

Given the lack of any alleged facts connecting the Individual Defendants with any contemporaneous knowledge of the improperly recognized extended warranty revenue, Plaintiff resorts to another purely speculative and conclusory scienter allegation:  that because of their positions with the Company and because the contract at issue was so important to Itron, the Individual Defendants must have known about the associated accounting error.  CC ¶¶ 22, 82.  But allegations that a fact or transaction is so crucial that management must have been aware of it do not raise a strong inference of scienter.  *See, e.g.*, *Zucco*, 552 F.3d at 1000 ("We have previously found inadequate complaints alleging that 'facts critical to a

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – 17
10145-6012/LEGAL21929582.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

business's core operations or an important transaction generally are so apparent that their knowledge may be attributed to the company and its key officers.'") (quoting *In re Read-Rite Corp.*, 335 F.3d 843, 848 (9th Cir. 2003)); *see also S. Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 784-85 (9th Cir. 2008) (allegations regarding management's general awareness of company's business do not establish scienter "absent some additional allegation of specific information conveyed to management and related to the fraud") (citation and internal quotations omitted).  Not only does Plaintiff rely on a discredited basis to attempt to establish the required strong inference of scienter, but in doing so, Plaintiff inappropriately conflates the contract's importance to the Company with the extended warranty revenue accounting issue that is the subject of the Restatement.  Even if the allegations were sufficient to show that the Individual Defendants knew about the contract, there are no allegations from which to infer that the Individual Defendants had any knowledge of or involvement in extended warranty revenue recognition matters related to that contract.

It is also noteworthy to contrast the allegations in the Consolidated Complaint with those in the two cases in which the Ninth Circuit has at least partially credited the core operations theory.  In *Berson v. Applied Signal Technology, Inc.*, 527 F.3d 982, 988 (9th Cir. 2008), plaintiffs alleged that Applied Signal's CEO and CFO must have been aware that four of the company's

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – 18
10145-6012/LEGAL21929582.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

primary clients had issued "stop-work" orders halting substantial portions of the

company's work.  The court concluded that management must have been aware of

the stop-work orders based on: (i) the "temporal proximity" of the allegedly

misleading statement and the company's public admission of the stop-work order

two weeks later, *id.* at 988 n.5; (ii) allegations concerning specific management

meetings, described by a confidential witness[5], regarding one stop-work order,

*id.*; (iii) the allegation that the third stop-work order caused the company to

reassign 50-75 employees, resulting in one of the company's physical facilities

becoming a "ghost town," *id.*; and (iv) the allegation that the fourth stop-work

order required the company to complete "massive volumes of paperwork," *id.*

Taken together, the court found these allegations "prominent enough that it would

be 'absurd to suggest' that top management was unaware of" the stop-work orders.

*Id.* at 989 (citing *No. 84 Employer-Teamster Joint Council Pension Trust Fund v.*

*Am. W. Holding Corp.*, 320 F.3d 920, 943 n.1 (9th Cir. 2003)).

Similarly, in *America West*, the director defendants claimed that they were

unaware of maintenance problems that led to an investigation by the Federal

Aviation Administration ("FAA") because these were "purely management

issues" that never reached the board.  320 F.3d at 943 n.21.  Plaintiffs alleged the

---

[5] Unlike in *Berson*, the Consolidated Complaint does not cite to any
alleged confidential witnesses.

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – 19
10145-6012/LEGAL21929582.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

existence of internal reports and charts relating to maintenance problems and meetings with and letters from the FAA regarding the maintenance problems. *Id.* at 942. The court concluded that any assertion that the director defendants were unaware of the investigation was "patently incredible" in light of these allegations because it was "absurd to suggest" that the directors did not discuss these issues, "especially considering the fact that the FAA had indicated that it was considering penalties of up to $11 million." *Id.* at 943 n.21.

*Berson* and *America West* provide a strong contrast to the allegations here. Plaintiff does not allege that the Individual Defendants received any specific, contemporaneous information regarding the premature revenue recognition— much less "internal reports" regarding the alleged accounting error, "letters . . . regarding the severity of the [accounting] problems" or "charts documenting the [accounting] difficulties." *Id.* at 942; *see, e.g.*, CC ¶ 22 (alleging only that "because of their position" the Individual Defendants had "access to material non-public information," but failing to identify with particularity any such information). The Consolidated Complaint does not allege any facts regarding any meetings concerning revenue recognition for the contract at issue, names of those who attended any such meetings, or information about what was discussed. The Consolidated Complaint cannot raise the required strong inference of scienter simply by speculating as to what the Individual Defendants must have known

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – 20
10145-6012/LEGAL21929582.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

because the contract was significant to the Company.  Plaintiff's allegations that the contract was "so important" that the extended warranty revenue arising out of that contract could not have been innocently misstated and that the misstatement was so central to Itron's "core operations" that the Individual Defendants must have known about it fail to raise the required strong inference of scienter.

### 3.    The Individual Defendants' Signatures on SOX Certifications Do Not Create a Strong Inference of Scienter.

Plaintiff's reliance on the allegation of signatures on SOX certifications also provides no basis from which to strongly infer scienter.  Plaintiff alleges that the Individual Defendants' mandatory certifications of Itron's financial statements and internal controls pursuant to SOX "clearly would have alerted Defendants to the presence of the accounting misstatements and lapse in internal controls described herein."  CC ¶ 94.  Plaintiff simply asserts—without any supporting factual allegations—that the accounting error was so apparent that failure to discover it shows that "the Defendants knew or recklessly disregarded that the SOX certifications they signed were false."  *Id.*

Courts have repeatedly rejected this type of allegation because it would automatically establish scienter where a company restated results.  *See Zucco*, 552 F.3d at 1003-04 ("Boilerplate language in a corporation's 10-K form, or required certifications under Sarbanes-Oxley section 302(a) . . . add nothing substantial to the scienter calculus.").  Mandatory SOX certifications are probative of scienter

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – 21
10145-6012/LEGAL21929582.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

only when combined with specific allegations demonstrating "'an extreme departure from the standards of ordinary care.'" *Id.* at 991 (quoting *Silicon Graphics*, 183 F.3d at 976); *see also Glazer Capital Mgmt., LP v. Magistri*, 549 F.3d 736, 747 (9th Cir. 2008) (requiring particularized allegations that defendant was "severely reckless") (citation and internal quotations omitted).  Here, there are no allegations from which to conclude that the Individual Defendants were reckless—let alone "severely" reckless—in connection with the extended warranty revenue recognition error in the single contract at issue here.  The Court cannot infer scienter from Plaintiff's conclusory SOX certifications allegations.

### 4.    Plaintiff's Motive and Opportunity Allegations Fail to Raise the Required Strong Inference of Scienter.

With no specific—let alone detailed and particularized—facts on which to establish a strong inference of scienter, Plaintiff asks the Court to strongly infer scienter based on the Individual Defendants' supposed motive and opportunity to engage in the fraud alleged in the Consolidated Complaint.  Plaintiff alleges that Individual Defendants "had ultimate responsibility for the preparation of Itron's financial statements," CC ¶ 88, "were motivated to inflate revenue and earnings during the Class Period in order allay [sic] investor concern over Itron's future financial results," CC ¶ 81, and received compensation "dependent upon Itron's posting favorable financials," CC ¶ 96.  But courts have repeatedly held that such general allegations of motive and opportunity are insufficient to establish the

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – 22
10145-6012/LEGAL21929582.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

required strong inference of scienter.  *Yakima Chief*, 2010 WL 2232945, at *4

("'[A]lthough facts showing . . . a motive to commit fraud and opportunity to do

so may provide some reasonable inference of intent, they are not sufficient to

establish a strong inference of deliberate recklessness." (quoting *Zucco*, 552 F.3d

at 991)); *see also South Ferry*, 542 F.3d at 782 (same); *Metzler Inv. GMBH v.*

*Corinthian Colls., Inc.*, 540 F.3d 1049, 1069 (9th Cir. 2008) (same).  Not only are

the motive and opportunity allegations here insufficient to raise the strong

inference of scienter, but the only plausible inference to be drawn from the facts

alleged is that the Individual Defendants had *absolutely no economic motive* to

commit the alleged fraud.  That is, this alleged fraud makes no sense.

> ### a.  The Individual Defendants Received No Financial Benefit from the Misstated Financial Results.

Plaintiff's allegations that the Individual Defendants benefited personally

from the misstated results are legally deficient and factually inaccurate.  CC ¶¶

96-99 ("Executive Compensation").  *See Zucco*, 552 F.3d at 1005 ("If simple

allegations of pecuniary motive were enough to establish scienter, 'virtually every

company in the United States that experiences a downturn in stock price could be

forced to defend securities fraud actions.'") (quoting *Lipton v. Pathogenesis*

*Corp.*, 284 F.3d 1027, 1038 (9th Cir. 2002)).

As a basis on which to attempt to plead facts sufficient to strongly infer

scienter, Plaintiff alleges that the Individual Defendants had a financial incentive

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – 23
10145-6012/LEGAL21929582.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

or motivation to misstate revenue for the first three quarters of 2010 by 0.37%. CC ¶ 99. But the assertion is demonstrably false based on documents referenced in the Consolidated Complaint. The portion of the Individual Defendants' compensation that is tied to Itron's financial results is based on Itron's *annual* financial results and was calculated in 2011 taking into account the restated quarterly financials.[6] Because Itron discovered the accounting error in the fourth quarter before issuing year-end financial results (and used the corrected quarterly results in its year-end filing), the Individual Defendants' incentive awards were not impacted by the allegedly fraudulent financial statements extant during the first three quarters of 2010.[7] Accordingly, the allegations in the Consolidated

---

[6] The Individual Defendants received two forms of compensation based on Itron's financial results: (i) annual cash incentives, and (ii) long-term incentives (stock and option awards). Knowles Decl., Ex. C at 61-62. Annual cash incentives "are based on the Company's *annual* financial performance" and "designed to incentivize and reward attainment of *annual* business and financial goals." *Id.* at 66 (emphasis added). Similarly, the Individual Defendants' long-term incentive awards were determined in February 2011 based on Itron's annual results which included the three restated quarters. *Id.* at 68.

[7] Further, even if Itron had computed the Individual Defendants' cash or long-term incentive awards based on the misstated results, the error would not have affected the Individual Defendants' 2010 incentive awards. The Individual

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – 24
10145-6012/LEGAL21929582.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Complaint regarding the Individual Defendants' financial motive to inflate Itron's financial results are demonstrably false and cannot support an inference of scienter—let alone the required strong inference. There are no allegations in the Consolidated Complaint from which to infer that the Individual Defendants had any personal financial incentive to overstate revenue in the first three quarters of 2010. The fraud theory simply makes no sense.

---

Defendants' incentive compensation plans provided for different levels of potential awards based on Itron's annual financial performance: no award if Itron's annual results failed to meet the "threshold" level; 50% of an award amount if Itron's annual results met the "threshold" level; 100% of an award amount if Itron's annual results met the "target" level; and 200% of an award amount if Itron's annual results met or exceeded the "maximum" level. Knowles Decl., Ex. C at 67-68. Once Itron's annual results satisfied the "maximum" level, any improvement in Itron's annual financial performance no longer increased the Individual Defendants' incentive awards. For fiscal year 2010, Itron's annual financial results met the "maximum" level, qualifying Messrs. Unsworth and Helmbrecht for the maximum incentive awards. *Id.* Therefore, even if it had been included in the calculation of the Individual Defendants' 2010 incentive awards—which it was not—the additional $6 million revenue overstatement and its effect on Itron's other financial metrics would not have impacted the amount of the Individual Defendants' incentive awards since Itron's restated financial results had already reached the "maximum" threshold.

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – 25
10145-6012/LEGAL21929582.1

### b.   The Absence of Any Insider Stock Sales Refutes Any Inference of Scienter Based on "Motive and Opportunity."

Notably absent from the Consolidated Complaint are the typical allegations that the Individual Defendants profited from the alleged fraud by selling Itron securities during the Class Period.  The absence of allegations of insider sales "suggest[s] that there was no insider information from which to benefit" and may "'rebut [] an inference of scienter.'"  *Metzler*, 540 F.3d at 1067 & n.11 (quoting *Worlds of Wonder*, 35 F.3d at 1427); *see also Tripp v. Indymac Fin. Inc.*, No. CV07-1635-GW(VBKx), 2007 WL 4591930, at *4 (C.D. Cal. Nov. 29, 2007) (finding that, where defendants sold no stock during the class period, the "inference of scienter is functionally negated").  And the lack of any insider sales is particularly significant because Messrs. Unsworth and Helmbrecht each had a substantial number of shares, 190,423 and 106,729, respectively, which they could have sold during the Class Period.  Knowles Decl., Ex. C at 91.

Common sense dictates that if the Individual Defendants were engaged in a fraud to inflate the price of Itron stock, then surely there would have been some way for them to benefit financially.  Here, neither of the Individual Defendants' compensation plans provided any such benefit, nor is either alleged to have sold a single share of stock.  The lack of any compensation benefit related to the alleged fraud and the lack of stock sales support the conclusion that the Restatement was an innocent accounting error and that there is no fraud here.

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – 26
10145-6012/LEGAL21929582.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**5.    Considered Holistically, Plaintiff's Scienter Allegations Do Not Raise an Inference of Scienter that Is Stronger than a Competing, Nonculpable Inference.**

Plaintiff's allegations, which are inadequate to strongly infer scienter when considered individually, fare no better when considered holistically.  Although *Tellabs* instructs the Court to view the Consolidated Complaint holistically, such a comprehensive review "cannot transform a series of inadequate allegations into a viable inference of scienter." *Zucco*, 552 F.2d at 1008.  Indeed, "a plaintiff cannot *avoid* dismissal by reliance on an isolated statement that stands in contrast to a host of other insufficient allegations." *Metzler*, 540 F.3d at 1069 (citing *Tellabs*, 551 U.S. at 310).  Here, Plaintiff does not even offer a single "isolated statement" that supports scienter.  The Consolidated Complaint lacks any particularized allegations regarding specific contemporaneous information corroborating Plaintiff's allegations of fraudulent intent.  But "[w]ithout any corroborating facts, it is impossible to conclude that such allegations rest on more than hind-sight speculation." *In re Vantive Corp.*, 283 F.3d at 1089.  The holistic evaluation does not save Plaintiff's inadequate scienter allegations.

Under the "holistic" approach, the court must "consider the totality of circumstances." *South Ferry*, 542 F.3d at 784.  But "[e]ven if a set of allegations may create an inference of scienter greater than the sum of its parts, it must still be at least as compelling as an alternative innocent explanation." *Zucco*, 552 F.3d

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED COMPLAINT – 27
10145-6012/LEGAL21929582.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

at 1006.  "The strength of an inference cannot be decided in a vacuum," and "a court must consider plausible nonculpable explanations for the defendant's conduct."  *Tellabs*, 551 U.S. at 323-24.  The Consolidated Complaint lacks factual allegations that would permit any inference—let alone the required strong inference—that the Individual Defendants acted with scienter.

Rather, viewed from a "practical and common sense perspective," *South Ferry*, 542 F.3d at 784, the competing nonculpable inference is far stronger, for several reasons.  First, the Individual Defendants received no personal compensation benefit from the misstated results and are not alleged to have engaged in any insider sales, undermining any motive they might have had to engage in fraud.  Second, the *de minimis* amount at stake in the Restatement—just barely surpassing Plaintiff's own materiality rule of thumb only when considering certain financial components of the Restatement—and the fact that the period covered in the Restatement was only three fiscal quarters, are more consistent with a mistake than an elaborate fraud scheme.  Third, the Restatement did not impact the amount of the extended warranty revenue that Itron would receive over the length of the contract but related only to the timing of recognition of that revenue.  Fourth, the Restatement had no impact on the Company's cash position.  Fifth, Plaintiff has not alleged any details regarding extended warranty revenue recognition or who at Itron knew about the error and when.  Plaintiff also fails to

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – 28
10145-6012/LEGAL21929582.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

identify any specific information that demonstrates that the Individual Defendants were involved in extended warranty revenue recognition issues, the accounting error or its discovery.  Sixth, although Plaintiff cites to analysts' reports concerning Itron's long-term outlook prior to the Restatement, CC ¶¶ 34-35, the Consolidated Complaint contains no allegations of any negative reaction to the Restatement by those same analysts.  It is reasonable to conclude that, if the analysts believed that the Restatement was significant, they would have commented on it, and Plaintiff would have alleged such negative comments.

The more plausible explanation arising from all of the facts alleged is that Itron made an honest and innocent accounting error regarding a *de minimis* amount of extended warranty revenue related to a single, complicated contract and disclosed that error as soon as it was discovered.  Accordingly, the allegations in the Consolidated Complaint are insufficient to raise the required "strong inference" of scienter, and the Consolidated Complaint should be dismissed.

C.      **The Consolidated Complaint Fails to State a Claim Under Section 20(a) of the Exchange Act.**

To state a claim under section 20(a) of the Exchange Act, Plaintiff must establish (1) a primary violation of the underlying securities laws, and (2) that defendants exercised control over the primary violator.  *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000).  In the absence of a sustainable claim for violation of section 10(b), Plaintiff's claim for secondary liability under

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED COMPLAINT – 29
10145-6012/LEGAL21929582.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

section 20(a) fails.  *Zucco*, 552 F.3d at 990.  Here, the Consolidated Complaint fails to plead a viable primary violation of section 10(b) of the Exchange Act and, accordingly, Plaintiff's claim under section 20(a) should also be dismissed.

## D.   Plaintiff Should Not Be Given Leave to Amend.

The Court should dismiss the Consolidated Complaint with prejudice.  In the Ninth Circuit, the Court's "discretion to deny leave to amend is particularly broad where [the] plaintiff has previously amended the complaint."  *Allen v. City of Beverly Hills*, 911 F.3d 367, 373 (9th Cir. 1990).  Plaintiff has had every opportunity to plead a viable securities fraud claim in its Consolidated Complaint amending the initial complaint, and Plaintiff's failure to do so demonstrates that any further pleading would be futile.  *See In re Vantive Corp.*, 283 F.3d at 1097; *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1181 (C.D. Cal. 2007) (denying leave to amend where plaintiffs had already amended complaint and did not indicate additional facts they could allege).  No matter how Plaintiff attempts to embellish it, Plaintiff's fraud claim is based solely on the issuance of the Restatement, which does not satisfy the scienter pleading standard.  There is no basis for providing another opportunity for Plaintiff to amend its complaint.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Consolidated Complaint with prejudice.

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – 30
10145-6012/LEGAL21929582.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

DATED:  October 21, 2011

**PERKINS COIE** LLP

By:  s/Ronald L. Berenstain
    Ronald L. Berenstain, WSBA No. 7573
    Sean C. Knowles, WSBA No. 39893
    Angela R. Martinez, WSBA No. 38326
    Austin Rice-Stitt, WSBA No. 42166

1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
RBerenstain@perkinscoie.com
SKnowles@perkinscoie.com
AMartinez@perkinscoie.com
ARicestitt@perkinscoie.com

Attorneys for Defendants

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – 31
10145-6012/LEGAL21929582.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2011, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF System which will send

notification of such filing to the following:

Steven W. Berman
Karl P. Barth
Tyler Weaver
Hagens Berman Sobol Shapiro
1918 Eighth Ave., Ste. 3300
Seattle, WA  98101

Jennifer L Gmitro
X Jay Alvarez
Robbins Geller Rudman & Dowd LLP
655 West Broadway Avenue, Suite 1900
San Diego, CA 92101

**PERKINS COIE** LLP

By: s/Ronald L. Berenstain
    Ronald L. Berenstain, WSBA #7573
    RBerenstain@perkinscoie.com
    1201 Third Avenue, Suite 4800
    Seattle, WA  98101-3099
    Telephone:  206.359.8000
    Facsimile:  206.359.9000

Attorneys for Defendants

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CONSOLIDATED
COMPLAINT – 32
10145-6012/LEGAL21929582.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000