THE HONORABLE ROSANNA MALOUF PETERSON

Ronald L. Berenstain, WSBA No. 7573
Sean C. Knowles, WSBA No. 39893
Angela R. Martinez, WSBA No. 38326
Austin J. Rice-Stitt, WSBA No. 42166
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
RBerenstain@perkinscoie.com
SKnowles@perkinscoie.com
AMartinez@perkinscoie.com
ARiceStitt@perkinscoie.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| CITY OF ROYAL OAK RETIREMENT SYSTEM, et al., Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ITRON, INC., MALCOLM UNSWORTH, and STEVEN M. HELMBRECHT,<br><br>Defendants. | No. cv-11-077-RMP<br><br>CLASS ACTION<br><br>REPLY IN SUPPORT OF MOTION TO DISMISS THE CONSOLIDATED COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS<br><br>NOTE FOR MOTION CALENDAR: February 23, 2012 2:00 p.m.<br><br>ORAL ARGUMENT REQUESTED |

REPLY IN SUPPORT OF MOTION TO
DISMISS COMPLAINT

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ...............................................................1

II.   ARGUMENT ......................................................................................2

    A.    The Complaint Does Not Allege Particularized Facts
        Establishing the Required Strong Inference of Scienter................2

        1.    Plaintiff's Generic Allegations Concerning the
              Individual Defendants' Motives Are Insufficient to
              Establish the Required Strong Inference of Scienter...........5

        2.    Plaintiff's Generic Allegations Concerning the Nature
              and Magnitude of the Restatement Do Not Support
              the Required Strong Inference of Scienter. ........................7

        3.    Plaintiff's Generic Allegations Concerning the
               Importance of the Contract to Itron Do Not Support
              the Required Strong Inference of Scienter. ......................10

        4.    Plaintiff's Generic Allegations Concerning SOX
               Certifications Do Not Support the Required Strong
              Inference of Scienter...........................................................15

        5.    Plaintiff's Conclusory Allegations Concerning the
               Retirement of Mr. Unsworth Do Not Support the
              Required Strong Inference of Scienter. .............................17

    B.    The Lack of Insider Stock Sales by the Individual
        Defendants Negates Any Inference of Scienter That Could
        Otherwise Be Drawn. ..................................................................18

    C.    Considered Holistically, Plaintiff's Scienter Allegations Are
        Not as Cogent or Compelling as Competing Non-Culpable
        Inferences. ...................................................................................19

III.  CONCLUSION ....................................................................................20

REPLY IN SUPPORT OF MOTION TO
DISMISS COMPLAINT – i

# TABLE OF AUTHORITIES

## CASES

*Cowiche Growers, Inc. v. Cont'l Cas. Co.*,
  No. CV-09-3093-RMP, 2010 WL 4275309 (E.D. Wash. Oct. 25,
  2010), *aff'd*, No. 10-36072, 2011 WL 3874868 (9th Cir. Sept. 2,
  2011) ...................................................................................................... 9

*Epstein v. Itron, Inc.*,
  993 F. Supp. 1314 (E.D. Wash. 1998) .............................................. 13

*In re Cadence Design Sys., Inc. Sec. Litig.*,
  654 F. Supp. 2d 1037 (N.D. Cal. 2009) ...................................... 15, 18

*In re Calpine Corp. Sec. Litig.*,
  288 F. Supp. 2d 1054 (N.D. Cal. 2003) .............................................. 7

*In re Commtouch Software Ltd. Sec. Litig.*,
  No. C 01-00719 WHA, 2002 WL 31417998 (N.D. Cal. July 24,
  2002) .............................................................................................. 8, 9

*In re Cornerstone Propane Partners, L.P.*,
  355 F. Supp. 2d 1069 (N.D. Cal. 2005) .............................................. 7

*In re Downey Sec. Litig.*,
  No. CV 08-3261-JFW, 2009 WL 2767670 (C.D. Cal. Aug. 21, 2009) ..... 3, 5, 19

*In re Impax Labs., Inc. Sec. Litig.*,
  No. C 04-04802 JW, 2007 WL 7022753 (N.D. Cal. July 18, 2007) ................ 18

*In re Int'l Rectifier Corp. Sec. Litig.*,
  No. CV 07-02544-JFW, 2008 WL 4555794 (C.D. Cal. May 23, 2008) .............. 4

*In re Lattice Semiconductor Corp. Sec. Litig.*,
  No. CV04-1255-AA, 2006 WL 538756 (D. Or. Jan. 3, 2006) ....................... 9, 16

REPLY IN SUPPORT OF MOTION TO
DISMISS COMPLAINT – ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**TABLE OF AUTHORITIES**
(continued)

*In re Metawave Commc'ns Corp. Sec. Litig.*,
  298 F. Supp. 2d 1056 (W.D. Wash. 2003) ........................................................ 9

*In re Northpoint Communications Group, Inc., Securities Litigation*,
  221 F. Supp. 2d 1090 (N.D. Cal. 2002) ................................................. 12, 13, 14

*In re Peoplesoft, Inc.*,
  No. C 99-00472 WHA, 2000 WL 1737936 (N.D. Cal. May 25, 2000) ... 9, 12, 14

*In re Read-Rite Corp. Sec. Litig.*,
  335 F.3d 843 (9th Cir. 2003) ................................................... 10, 11, 13

*In re Silicon Graphics Inc. Sec. Litig.*,
  183 F.3d 970 (9th Cir. 1999) .......................................................... 3, 4, 7

*In re U.S. Aggregates, Inc. Sec. Litig.*,
  235 F. Supp. 2d 1063 (N.D. Cal. 2002) .......................................................... 10

*In re Vantive Corp. Sec. Litig.*,
  283 F.3d 1079 (9th Cir. 2002) ................................................................. 4, 19

*In re Wet Seal, Inc. Sec. Litig.*,
  518 F. Supp. 2d 1148 (C.D. Cal. 2007) .......................................................... 19

*Karpov v. Insight Enters., Inc.*,
  No. CV 09-856-PHX-SRB, 2010 WL 2105448 (D. Ariz. Apr. 30,
  2010) .......................................................................................................... 20

*Lifschitz v. NextWave Wireless Inc.*,
  Nos. 3:08cv01697 AJB, 3:08cv01934 AJB, 2011 WL 5839682 (S.D.
  Cal. Nov. 21, 2011) .................................................................................. 3, 20

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
  540 F.3d 1049 (9th Cir. 2008) .......................................................... 19

REPLY IN SUPPORT OF MOTION TO
DISMISS COMPLAINT – iii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**TABLE OF AUTHORITIES**
(continued)

*Ronconi v. Larkin*,
    253 F.3d 423 (9th Cir. 2001) ...............................................................................4

*Schneider v. Cal. Dept. of Corrs.*,
    151 F.3d 1194 (9th Cir. 1998) ...........................................................................17

*South Ferry LP, No. 2 v. Killinger*,
    542 F.3d 776 (9th Cir. 2008) .............................................................................11

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007) .............................................................................................3

*Zucco Partners, LLC v. Digimarc Corp.*,
    552 F.3d 981 (9th Cir. 2009) ......................................................................passim

RULES

Local Rule 7.1(g)(2) ................................................................................................8

OTHER AUTHORITIES

FASB Statement of Financial Accounting Standards No. 154..................................8

REPLY IN SUPPORT OF MOTION TO
DISMISS COMPLAINT – iv

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Defendants respectfully submit this reply in support of their Motion to Dismiss the Consolidated Complaint (ECF No. 28).[1]

## I.    PRELIMINARY STATEMENT

Defendants argued in their Motion that Plaintiff's Consolidated Complaint (ECF No. 26) ("Complaint" or "CC") should be dismissed because it fails to allege any facts from which to infer that the Defendants intentionally recognized, prematurely, a small amount of extended warranty revenue on a single contract as part of an allegedly fraudulent scheme.  Plaintiff's Complaint, even bolstered by the Opposition, relies on nothing more than the often-rejected fraud-by-hindsight theory:  that a financial restatement necessarily means the original financial statement was misstated as a result of fraud.  In support, Plaintiff offers only boilerplate, generalized allegations, but no particularized facts from which to infer that the Individual Defendants were even involved in the revenue recognition process for extended warranty provision in this contract.  Instead, the allegations and the Opposition support the non-culpable inference that the restatement was necessitated by an innocent revenue recognition error.  The following facts emerge from the allegations in the Complaint and the documents referenced therein:

- Itron entered into an OpenWay contract;

---

[1]  Unless otherwise noted, capitalized terms and abbreviations used herein have the same definitions provided in Defendants' Memorandum of Law in Support of Motion to Dismiss (ECF No. 29) ("Motion").

REPLY IN SUPPORT OF MOTION TO
DISMISS COMPLAINT – 1
10145-6012/LEGAL22486143.1

- The OpenWay customer purchased an extended warranty for the Itron meters it purchased, which provides additional revenue to Itron;

- On February 16, 2011, Itron announced that it had restated its financial statements for the first three quarters of 2010 because it had erred by prematurely recognizing some of that extended warranty revenue;

- On the same date that Itron announced the restatement, it also disclosed lower-than-expected earnings guidance for 2011;

- The Individual Defendants are not specifically alleged to have been involved in the extended warranty revenue recognition process for this contract;

- The Individual Defendants received no benefit of any kind as a result of the premature recognition of the extended warranty revenue.

The most cogent and compelling inference to be drawn from these allegations is that the restatement was necessitated by an inadvertent error and that Itron's simultaneous announcement of lower-than-expected earnings guidance for 2011 was the cause of the immediate decline in Itron's stock price. Plaintiff's fraud theory based on these allegations is not only implausible and unreasonable, it is nonsensical.

## II.    ARGUMENT

### A.    The Complaint Does Not Allege Particularized Facts Establishing the Required Strong Inference of Scienter.

To satisfy the PSLRA's pleading requirements, a complaint must allege particularized facts from which it can be strongly inferred that defendants acted with deliberate recklessness, a form of intentional and knowing misconduct.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990-91 (9th Cir. 2009) (citing *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 976 (9th Cir. 1999)).[2]  Whether considered individually or holistically, the allegations in the Complaint are insufficient to support the required strong inference of scienter. *Zucco*, 552 F.3d at 991-92.[3]  "To qualify as 'strong' . . ., an inference of scienter must be more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007).  A plaintiff must overcome the "presumption of mistake" to successfully plead scienter, because "punishing mistakes as if they were fraud undermines the deterrent function of securities regulation." *Lifschitz v. NextWave Wireless Inc.*, Nos. 3:08cv01697 AJB, 3:08cv01934 AJB, 2011 WL 5839682, at *1 (S.D. Cal. Nov. 21, 2011); *see also In re Downey Sec. Litig.*, No. CV 08-3261-

_____

[2]  The Opposition wrongly contends that the Court may draw conclusions from Defendants' failure to dispute certain of the Complaint's allegations.  *See, e.g.*, Opp. at 5, 12, 14.  But a motion to dismiss is not an answer to the Complaint and does not invite admissions or denials.  The issue on the Motion is whether the allegations—accepted as true—satisfy the PSLRA's pleading standard, and here they do not.

[3]  Plaintiff apparently concedes that, considered individually, the Complaint's scienter allegations are insufficient but argues that the allegations are sufficient when considered collectively.  *See* Opp. at 6.  Whether considered individually or collectively, the allegations do not meet the PSLRA's pleading standard.

REPLY IN SUPPORT OF MOTION TO
DISMISS COMPLAINT – 3
10145-6012/LEGAL22486143.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

JFW, 2009 WL 2767670, at *12 (C.D. Cal. Aug. 21, 2009) (concluding that plaintiff "failed to provide a reasonable basis for the Court to conclude that any of the purported accounting mistakes were anything other than innocent and unintentional").

Congress enacted the PSLRA to "eliminate abusive securities litigation and particularly to put an end to the practice of pleading 'fraud by hindsight.'" *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1084-85 (9th Cir. 2002) (citation omitted). To satisfy the PSLRA's pleading requirements, "the complaint must contain allegations of specific 'contemporaneous statements or conditions' that demonstrate the intentional or the deliberately reckless false or misleading nature of the statements when made." *Ronconi v. Larkin*, 253 F.3d 423, 432 (9th Cir. 2001). "Without any corroborating facts, it is impossible to conclude that such allegations rest on more than hind-sight speculation." *In re Vantive*, 283 F.3d at 1089 (citing *Silicon Graphics*, 183 F.3d at 988).

Plaintiff asks the Court to infer scienter based on nothing more than Itron's public announcement of a restatement and generic assertions that are applicable whenever a company restates its financials. Because the Complaint does not allege what the Individual Defendants actually knew or did, Plaintiff resorts to conclusory allegations based on what the Individual Defendants "must have known." Such "must have known" allegations are the type that courts in the Ninth Circuit have consistently found to be insufficiently particularized to overcome the presumption of mistake and establish the required strong inference of scienter. This Court should similarly reject these allegations. *See, e.g.*, *In re Int'l Rectifier Corp. Sec. Litig.*, No. CV 07-02544-

REPLY IN SUPPORT OF MOTION TO
DISMISS COMPLAINT – 4
10145-6012/LEGAL22486143.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

JFW, 2008 WL 4555794, at *16 (C.D. Cal. May 23, 2008) (no scienter where complaint "lack[ed] any specific allegations tying [the individual defendants] to the fraud"); *In re Downey*, 2009 WL 2767670, at *8 ("The [current complaint's] allegations neither identify what roles each Individual Defendant played in the alleged fraud nor allege facts giving rise to a strong inference of scienter on the part of each Individual Defendant in any context").

### 1.    Plaintiff's Generic Allegations Concerning the Individual Defendants' Motives Are Insufficient to Establish the Required Strong Inference of Scienter.

Without any particularized allegations connecting the Individual Defendants to the alleged financial fraud, Plaintiff unsurprisingly attempts to rely on claims that the Defendants must have been motivated to commit fraud. But the allegations do not support any inference of a financial motive to participate in the alleged fraud.  Plaintiff argues that the Individual Defendants were motivated to engage in fraud because "Itron and its investors knew that the Company's financial prospects were bleak absent a new, large [OpenWay] contract win."  Opp. at 15-16.  Similarly, Plaintiff cites an analyst report[4]

---

[4]  The Opposition frequently refers to analysts' statements concerning Itron's long-term outlook, *see, e.g.*, Opp. at 1, 2, 9 & n. 7, 10, but both the Complaint and the Opposition are silent regarding analysts' reactions to the restatement. *See* Motion at 29.  Surely if these same analysts made any negative comments regarding the restatement, those comments would have been mentioned in the Complaint and/or the Opposition.  The Opposition fails even to attempt to address the absence of such allegations, providing further support for the

REPLY IN SUPPORT OF MOTION TO
DISMISS COMPLAINT – 5
10145-6012/LEGAL22486143.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

noting that "Itron hasn't booked a major OpenWay contract in over two years" to suggest that Itron was under pressure to enter into new OpenWay contracts.[5] Opp. at 9. But this is not a case about a fictitious contract. The premature recognition of $6.1 million of revenue on a single OpenWay contract has nothing to do with supposed analyst concerns regarding the pace of OpenWay contracts. The restatement relates to an actual—rather than a prospective—OpenWay contract; Plaintiff alleges that Itron entered into the OpenWay contract at issue. CC ¶ 6; Opp. at 7-8 & n.4. Therefore, motive allegations concerning marketplace pressure to grow the number of OpenWay contracts do not support any inference of scienter relating to the restated financials.

Plaintiff's reliance on the Individual Defendants' alleged motive to increase their compensation through the alleged financial fraud is also fruitless.

---

conclusion that the analysts' lack of reaction to the restatement is consistent with their apparent perception that the restatement was the result of an innocent mistake and of little financial consequence to the Company.

[5] Contrary to Plaintiff's assertion, Defendants do not concede loss causation. Opp. at 19-20. There is no dispute that Itron simultaneously disclosed the restatement and lower-than-expected earnings guidance for 2011. Motion at 6. The demand for more OpenWay contracts alleged by Plaintiff, Itron's simultaneous announcement of lower earnings guidance and the Complaint's conspicuous failure to allege any negative reaction to the restatement by analysts all cast doubt on Plaintiff's assertion that it was the restatement that led to the decline in Itron's stock price.

REPLY IN SUPPORT OF MOTION TO
DISMISS COMPLAINT – 6
10145-6012/LEGAL22486143.1

CC ¶¶ 96-99.  Defendants demonstrated—and nothing in the Opposition disputes—that the prematurely recognized extended warranty revenue had no impact on the Individual Defendants' compensation because (1) their compensation was calculated based on Itron's restated financials, and (2) Itron's financial results qualified them for the maximum bonus *without* the overstated revenue.  Motion at 24 & n.7.  The Individual Defendants did not receive any direct, personal benefit from the overstatement of revenue.

Plaintiff is left with a generic assertion that the Individual Defendants were motivated to engage in fraud because a "majority" of their compensation was based on Itron's "achievement of certain financial performance measures." Opp. at 16.  Such generic assertions that fraud may be strongly inferred because an officer wants to increase his compensation have been consistently rejected by Ninth Circuit courts:  "incentives to enhance business prospects" and "executive compensation incentives" do not establish scienter.  *In re Cornerstone Propane Partners, L.P.*, 355 F. Supp. 2d 1069, 1091 (N.D. Cal. 2005) (citing *Silicon Graphics*, 183 F.3d at 974); *see also In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1087 (N.D. Cal. 2003).

### 2.    Plaintiff's Generic Allegations Concerning the Nature and Magnitude of the Restatement Do Not Support the Required Strong Inference of Scienter.

Plaintiff also relies on another conclusory fallback claim—that in light of the nature and significance of the restatement, the original financial statements must have been the product of fraud.  Opp. at 12-15.  This generic argument also fails here.

REPLY IN SUPPORT OF MOTION TO
DISMISS COMPLAINT – 7
10145-6012/LEGAL22486143.1

Plaintiff contends that the restatement resulted from the (conclusorily alleged) "misuse of information" available to Itron at the time the revenue was recognized and that this "weigh[s] in favor of scienter." Opp. at 12. In support, Plaintiff asserts that applicable accounting rules "contemplate 'innocent' restatement in the event that a company's financial statements were misstated as a result of simple mathematical errors, the honest misapplication of GAAP, or a change in accounting principles." *Id.* Plaintiff purports to contrast this with a restatement based on "misuse of facts," and argues that "[t]his fact alone presents a solid foundation for plaintiff's scienter allegations." *Id.* But neither the alleged facts nor the cited law support this contention. The accounting literature on which Plaintiff relies does not stand for the proposition that a restatement based on "misuse of facts" is more suggestive of scienter than a restatement based on some other type of error. *See, e.g.*, FASB Statement of Financial Accounting Standards No. 154, Gmitro Decl. (ECF No. 34), Ex. C at 130 ("Any error in the financial statements of a prior period discovered subsequent to their issuance shall be reported as a prior-period adjustment by restating the prior-period financial statements.").

And even if the accounting literature made such a distinction—and it does not—the case law does not support Plaintiff's assertion. Plaintiff relies on *In re Commtouch Software Ltd. Sec. Litig.*, No. C 01-00719 WHA, 2002 WL 31417998 (N.D. Cal. July 24, 2002).[6] The *Commtouch* court focused primarily

_____

[6] Plaintiff's Opposition cites and relies on three unpublished opinions filed prior to January 1, 2007 in violation of Local Rule 7.1(g)(2): *Commtouch*,

REPLY IN SUPPORT OF MOTION TO
DISMISS COMPLAINT – 8
10145-6012/LEGAL22486143.1

on whether plaintiff had sufficient factual basis to allege that the restatement resulted from "misuse of facts."  *Id.* at *8.  Despite concluding that the allegation was well-founded, the court stated "[t]his, of course, is not enough to bring about a 'strong inference' of at least deliberate recklessness."  *Id.* at *9. The *Commtouch* opinion does not support the assertion that, even if Itron's restatement was based on misuse of facts, that allegation "*alone* presents a *solid foundation* for plaintiff's scienter allegations."  Opp. at 12 (emphasis added).  Thus, Plaintiff's assertion that the restatement resulted from "misuse of facts" provides no basis from which to strongly infer scienter.  *See In re Metawave Commc'ns Corp. Sec. Litig.*, 298 F. Supp. 2d 1056, 1079 (W.D. Wash. 2003) (restatement based on "oversight or misuse of facts" was "more closely akin to carelessness, or failure to exercise reasonable care, than fraud.")

---

2002 WL 31417998 (Opp. at 12); *In re Peoplesoft, Inc.*, No. C 99-00472 WHA, 2000 WL 1737936 (N.D. Cal. May 25, 2000) (Opp. at 7); and *In re Lattice Semiconductor Corp. Sec. Litig.*, No. CV04-1255-AA, 2006 WL 538756 (D. Or. Jan. 3, 2006) (Opp. at 18).  Although Defendants demonstrate that these decisions do not support Plaintiff's arguments, the Court should decline even to consider Plaintiff's arguments based on these unpublished opinions.  *Cowiche Growers, Inc. v. Cont'l Cas. Co.*, No. CV-09-3093-RMP, 2010 WL 4275309, at *3 (E.D. Wash. Oct. 25, 2010) (refusing to consider as authority opinions cited in violation of LR 7.1(g)(2)), *aff'd*, No. 10-36072, 2011 WL 3874868 (9th Cir. Sept. 2, 2011).

REPLY IN SUPPORT OF MOTION TO
DISMISS COMPLAINT – 9
10145-6012/LEGAL22486143.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Not surprisingly, the Opposition ignores the most important characteristic of this restatement—its magnitude.  The amount of overstated revenue was tiny compared to Itron's total revenue for the relevant period; the restated amount barely exceeded the five percent materiality threshold.  *See* Motion at 4-5.  Courts in the Ninth Circuit routinely decline to infer scienter based on much larger restatements.  *See, e.g.*, *In re U.S. Aggregates, Inc. Sec. Litig.*, 235 F. Supp. 2d 1063, 1073 (N.D. Cal. 2002) (refusing to infer scienter due in part to small size of restatement and noting that plaintiff's cases "involved restatements of significantly larger amounts than what is alleged here").  If any conclusion may be drawn from the nature and magnitude of this restatement, it is that this restatement was necessitated by error, not fraud.

### 3.  Plaintiff's Generic Allegations Concerning the Importance of the Contract to Itron Do Not Support the Required Strong Inference of Scienter.

Plaintiff also argues that the Individual Defendants must have known about the alleged fraud because the subject matter is central to Itron's business, precluding the possibility of a mistake.  Plaintiff asserts that the Court may infer scienter because "the nature of the transaction [at issue in the restatement] is 'of such prominence' management must have known about it."  Opp. at 7 (citation omitted).  But allegations that "'facts critical to . . . an important transaction generally are so apparent that their knowledge may be attributed to the company and its key officers'" do not raise a strong inference of scienter. *Zucco*, 552 F.3d at 1000 (quoting *In re Read-Rite Corp. Sec. Litig.*, 335 F.3d 843, 848 (9th Cir. 2003)).  There are two narrow exceptions to the general rule that alleged knowledge of "core operations" is insufficient to plead scienter:

REPLY IN SUPPORT OF MOTION TO
DISMISS COMPLAINT – 10
10145-6012/LEGAL22486143.1

(1) where plaintiff includes "'detailed and specific allegations about management's exposure to factual information within the company,'" and (2) where "'the nature of the relevant fact is of such prominence that it would be "absurd" to suggest that management was without knowledge.'" *Id.* (quoting *South Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 785-86 (9th Cir. 2008)). Neither exception applies here.

Consistent with *Zucco* and *Read-Rite*, Plaintiff's "core operations" allegations do not raise a strong inference of scienter. First, the Complaint does not allege any facts supporting a conclusion that the Individual Defendants were exposed to any specific information that should have alerted them to the premature recognition of revenue. *See* Opp. at 7 (vaguely asserting that Individual Defendants "had access to the relevant information"). Indeed, the Complaint lacks any allegations—let alone specific ones—connecting the Individual Defendants to the contract analyses relating to recognition of extended warranty revenue for the OpenWay contract here. *See South Ferry*, 542 F.3d at 785.

Second, the Complaint also fails to meet the "absurdity" exception. *See* Motion at 18-21. Plaintiff argues that the transaction was "of such prominence" that the Individual Defendants must have known about its extended warranty revenue recognition. Opp. at 7-12. But knowledge of the OpenWay contract generally misses the point because the alleged fraud concerns revenue recognition on a single element of a complex contract, not the existence of the contract itself. Further, Plaintiff acknowledges that OpenWay contracts were "substantially larger," and presumably more

REPLY IN SUPPORT OF MOTION TO
DISMISS COMPLAINT – 11
10145-6012/LEGAL22486143.1

complicated, than other contracts.  Opp. at 8 (citing CC ¶ 5).  Thus, even if the Individual Defendants are familiar with OpenWay contracts generally, there is no basis from which to conclude that they had such intimate involvement with these large and complicated contracts that they "must have known" about the premature recognition of extended warranty revenue here.

The cases cited in the Opposition further highlight the shortcomings of Plaintiff's "core operations" allegations.  In the improperly cited case *In re Peoplesoft, Inc.*, 2000 WL 1737936 at *2, *see supra* n.6, plaintiff alleged that defendants falsely represented that the company and its key product were competing successfully in the marketplace.  In analyzing scienter, the court noted that "[r]ote allegations about . . . 'important' transactions should not, by themselves, be enough to demonstrate a strong inference of scienter.  Each set of 'important transactions' must be assessed based on the specificity alleged." *Id.* at *4.[7]  Plaintiff in *Peoplesoft* alleged with particularity that one of the company's most significant customers refused to purchase the product and that sales representatives informed management in "loud and 'highly confrontational' terms that sales quotas and budgets could not be met." *Id.* at *3.  Similarly, in *In re Northpoint Communications Group, Inc., Securities*

---

[7]  The *Peoplesoft* court identified examples of the types of allegations from which scienter may be inferred:  "contemporaneous receipt of a report with information directly at odds with an alleged misrepresentation" and "statements by witnesses that they told the actor the true facts before the false statement was made." *Id.* at *3.  Such allegations are entirely absent here.

REPLY IN SUPPORT OF MOTION TO
DISMISS COMPLAINT – 12
10145-6012/LEGAL22486143.1

*Litigation*, 221 F. Supp. 2d 1090 (N.D. Cal. 2002), plaintiff attached to its complaint excerpts from the company's "aging reports" reflecting past-due receivables from several of the company's large clients and relied on confidential witness allegations that the company provided delinquent customers with "marketing development funds" and then used those funds to improperly inflate revenues. *Id.* at 1099-1101. Recognizing that even these allegations did not provide a strong inference of scienter, the *Northpoint* court relied on the core operations theory to bolster its conclusion that, given that confidential witnesses identified the defendants as "in the know" regarding the alleged fraud, plaintiff had established the required strong inference of scienter. *Id.* at 1104.[8]

_____

[8] *Epstein v. Itron, Inc.*, 993 F. Supp. 1314 (E.D. Wash. 1998), cited by Plaintiff, Opp. at 7, is not good law and should not have been cited without so indicating. It was decided before *Read-Rite* and *Zucco*, which rejected the basis for *Epstein*'s conclusion. *See Read-Rite*, 335 F.3d at 848. In any event, in that case, the court concluded that it could be strongly inferred that the "key officers" knew that the Encoder/Receiver/Transmitter modules were technologically incompatible with a fixed network Automatic Meter Reading system, a requirement that was "central to Itron's continued survival as a business entity." *Epstein*, 993 F. Supp. at 1317, 1326. This conclusion has no bearing on whether there is any basis to infer that the Individual Defendants had knowledge of extended warranty revenue recognition matters on OpenWay contracts, either generally or for the particular contract at issue here.

REPLY IN SUPPORT OF MOTION TO
DISMISS COMPLAINT – 13
10145-6012/LEGAL22486143.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Unlike *Peoplesoft* and *Northpoint*, the Complaint contains no particularized allegations providing any basis from which to conclude that it would be "absurd" to suggest that the Individual Defendants were not aware of the premature recognition of extended warranty revenue here.  Plaintiff argues that the Individual Defendants "engaged in detailed discussions about the implementation of and financial metrics of" OpenWay contracts generally and discussed specifics such as "'bookings' and 'backlog'" and "review [sic] and margins."  Opp. at 11 & n.8.  From this, Plaintiff contends that the Individual Defendants "effectively advised investors that they were involved intimately" in OpenWay contracts, and that it is therefore reasonable to strongly infer that the Individual Defendants were aware of improper recognition of extended warranty revenue.  Opp. at 11.  But the cited paragraphs in the Complaint do not provide any basis to infer that the Individual Defendants were "intimately involved" in recognition of extended warranty revenue for OpenWay contracts. *See, e.g.*, CC ¶ 6 (identifying Itron's statement that, "[w]ith regards to our OpenWay contracts, *installations* continue to successfully ramp") (emphasis added); *id.* ¶ 7 (identifying Itron's statements that one customer's "*accelerated deployment*" had been "baked … into [Itron's] 12-month backlog" and that "bookings for the quarter *included $260 million related to our OpenWay contract* with San Diego Gas and Electric") (emphasis added); *id.* ¶ 8 (identifying statement that Itron "recently surpassed the three millionth *endpoint shipment milestone* of OpenWay units.") (emphasis added).[9]  These

_____

[9]  The other cited paragraphs allege analysts' concern about Itron's alleged

REPLY IN SUPPORT OF MOTION TO
DISMISS COMPLAINT – 14
10145-6012/LEGAL22486143.1

allegations do not provide any basis from which to infer that the Individual Defendants were intimately familiar with the details of recognition of extended warranty revenue for OpenWay contracts.

Plaintiff asks the Court to hold that the PSLRA's strong inference of scienter may be satisfied based on a presumption that senior management is familiar with the details of extended warranty revenue recognition for all "prominent transactions."  Such a presumption is inherently inconsistent with the PSLRA's particularized pleading requirements and should be rejected.  *See In re Cadence Design Sys., Inc. Sec. Litig.*, 654 F. Supp. 2d 1037, 1050 (N.D. Cal. 2009) (no scienter where "[t]here is little basis to infer that any Defendant had knowledge of the facts that rendered the recognition of revenue improper (unless one were to presume that the Defendants had knowledge of all of the details that surround all of the company's major agreements)").  As in *Cadence*, there are no particularized facts here from which to infer that the Individual Defendants were steeped in the extended warranty revenue recognition processes for OpenWay contracts.  Plaintiff's generic allegations about the role of the senior officer Individual Defendants provide no support for an inference of scienter.

> **4.    Plaintiff's Generic Allegations Concerning SOX Certifications Do Not Support the Required Strong Inference of Scienter.**

Plaintiff argues that the Individual Defendants' signatures on SOX certifications constitute "evidence of a strong inference of scienter where, as

failure to enter into enough OpenWay contracts, Opp. at 11 (citing CC ¶¶ 31-35), which provides no support for Plaintiff's "core operations" allegations.

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT – 15
10145-6012/LEGAL22486143.1

here, those certifications contradict known facts concerning accounting violations and reckless internal controls."  Opp. at 18.  But Plaintiff has pled no "known facts" to corroborate an allegation that the Individual Defendants knew about the improperly recognized extended warranty revenue error at the time the revenue was recognized.  Similarly, the Complaint is devoid of any alleged facts corroborating the existence of "reckless internal controls" at Itron or the Individual Defendants' awareness of them.  Instead, the Complaint conclusorily alleges that "defendants either knew of . . . the lapse in internal controls, or the defendants knowingly failed to carry out the required . . . evaluation of internal controls as they stated they had done in the certification."  CC ¶ 94.

Courts in the Ninth Circuit have uniformly refused to infer scienter based on boilerplate allegations like these concerning SOX certifications.  *See* Motion at 21-22.  Plaintiff's reliance on the improperly-cited case *In re Lattice*, 2006 WL 538756, *see supra* n.6, is misplaced.  In crediting scienter allegations concerning SOX certifications, the *Lattice* court cited allegations that the company's chief financial officer, who signed a SOX certification, "overrode the internal controls to make incorrect and misleading journal entries."  *Id.* at *17.  Plaintiff's attempt to use SOX certifications to support scienter is undercut by the Complaint's failure to allege any facts from which to conclude that the Individual Defendants knew the certifications were false when they signed them.

REPLY IN SUPPORT OF MOTION TO
DISMISS COMPLAINT – 16
10145-6012/LEGAL22486143.1

**5.  Plaintiff's Conclusory Allegations Concerning the Retirement of Mr. Unsworth Do Not Support the Required Strong Inference of Scienter.**

In a last ditch effort, Plaintiff attempts to plead scienter based on assertions not even alleged in the Complaint.  For the first time, in the Opposition, Plaintiff argues that the retirement of Mr. Unsworth six months after Itron announced the restatement supports an inference of scienter.  Opp. at 18-19.[10]  Plaintiff may not amend its Complaint via allegations first made in subsequent briefing.  *See, e.g.*, *Schneider v. Cal. Dept. of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  Even if these assertions were in the Complaint, they do not support an inference of scienter.  The conclusory assertions that Mr. Unsworth's retirement was "sudden and uncharacteristic of the Company's hiring and firing practices," and that Mr. Unsworth's three-and-a-half year tenure as CEO contrasts with the longer tenure of the prior CEO, Opp. at 18-19, provide no connection to any claims regarding his involvement in the extended warranty revenue recognition error.  Indeed, Plaintiff does not even assert that Mr. Unsworth's retirement from Itron was connected to the restatement.

For a court to consider inferences of scienter based on allegations of management resignations, a plaintiff must allege sufficient information from which to differentiate between a suspicious change in personnel and a benign

---

[10]  Although the corresponding section heading in the Opposition also refers to the resignation of the Company's "Head of Investor Relations," there are no allegations to support this assertion in the Complaint or the Opposition.

REPLY IN SUPPORT OF MOTION TO
DISMISS COMPLAINT – 17
10145-6012/LEGAL22486143.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

one.  *Zucco*, 552 F.3d at 1002.  Courts have rejected allegations that executives who resigned were not at "retirement age" and did not announce "post-resignation plans" as insufficient to support scienter.  *In re Cadence*, 654 F. Supp. 2d at 1050.  Another court refused to draw any inference of scienter where the company did not publicly fire or comment unfavorably on the departures of its executives.  *In re Impax Labs., Inc. Sec. Litig.*, No. C 04-04802 JW, 2007 WL 7022753, at *9 (N.D. Cal. July 18, 2007).  Although the court concluded that allegations concerning the resignation of an executive provided "minimal, non-dispositive supporting evidence of scienter" where plaintiff alleged that the same executive had interfered with the company's investigation of alleged misconduct, *id.* at *10, there are no such allegations in the Complaint.  Plaintiff's conclusory assertion in the Opposition (and not in the Complaint) regarding the retirement of Mr. Unsworth should not be considered in assessing whether Plaintiff has adequately plead scienter.  But if it is considered, it adds no weight to Plaintiff's failed effort to satisfy the PSLRA.

**B.    The Lack of Insider Stock Sales by the Individual Defendants Negates Any Inference of Scienter That Could Otherwise Be Drawn.**

The Opposition fails to address the importance of the Complaint's lack of allegations that the Individual Defendants sold any Itron stock during the purported Class Period.  *See* Motion at 26.  Plaintiff weakly asserts that allegations of insider sales are not required to plead scienter.  Opp. at 17.  This argument misses the point, as numerous Ninth Circuit courts have concluded that the absence of insider sales *negates* any inference of scienter that may

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

otherwise be drawn.  *See, e.g.*, *In re Downey*, 2009 WL 2767670 at *14 ("any inference of scienter is negated by the complete lack of stock sales by the Individual Defendants"); *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1177-78 (C.D. Cal. 2007).  In weighing the allegations and reasonable inferences therefrom, the Court should draw inferences from what is not alleged.  The lack of allegations of insider sales by the Individual Defendants, in spite of very large holdings of Itron stock, negates any allegations that might support an inference of scienter if there were any, but there are none here.

**C.    Considered Holistically, Plaintiff's Scienter Allegations Are Not as Cogent or Compelling as Competing Non-Culpable Inferences.**

Considering that the Complaint fails to offer a single basis from which to strongly infer scienter in connection with the premature recognition of extended warranty revenue, it follows that a holistic review of the allegations does not change that result.  *See* Motion at 27-29.  Here, "a comprehensive perspective of [the complaint] cannot transform a series of inadequate allegations into a viable inference of scienter." *Zucco*, 552 F.3d at 1008.  Further, the holistic review requirement "cuts both ways," *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1069 (9th Cir. 2008), and Plaintiff's "insufficient allegations of fraud elsewhere in the complaint have a spillover effect," diminishing the impact of any allegations that may otherwise be minimally probative of scienter, *In re Vantive*, 283 F.3d at 1093.  "Even if a set of allegations may create an inference of scienter greater than the sum of its parts, it must still be at least as compelling as an alternative innocent explanation." *Zucco*, 552 F.3d at 1006.

REPLY IN SUPPORT OF MOTION TO
DISMISS COMPLAINT – 19
10145-6012/LEGAL22486143.1

When Plaintiff's allegations are considered holistically and from a common-sense perspective, the most cogent and compelling inferences are consistent with the "presumption of mistake." *Lifschitz*, 2011 WL 5839682, at *1. The need for Itron to restate certain financials resulted from an inadvertent—and nonfraudulent—error, and any decline in Itron's stock price had no connection to the restatement but instead was the result of Itron's simultaneous announcement of lower-than-expected earnings guidance. This is consistent with Itron's public explanation: "The restatement was made primarily to defer revenue previously recognized on one contract due to a misinterpretation of an extended warranty provision. While the restatement was not deemed material to the first three quarters of 2010, we concluded that the aggregate correction of such amounts would be material to the fourth quarter of 2010." Knowles Decl. (ECF No. 30), Ex. A, p.11; s*ee, e.g.*, *Karpov v. Insight Enters., Inc.*, No. CV 09-856-PHX-SRB, 2010 WL 2105448, at *11 (D. Ariz. Apr. 30, 2010) (rejecting scienter and concluding that while company "may have engaged in sloppy or negligent accounting practices, there was no specific intent to commit fraud").

## III.    CONCLUSION

The Complaint offers no allegations from which to strongly infer scienter as required by the PSLRA. Weighing all the allegations and reasonable inferences therefrom, the far more compelling conclusion is that the financial statements had to be corrected because of an error. Plaintiff's Complaint should be dismissed with prejudice. *See* Motion at 30.

REPLY IN SUPPORT OF MOTION TO
DISMISS COMPLAINT – 20
10145-6012/LEGAL22486143.1

DATED:  January 27, 2012

**PERKINS COIE** LLP

By:  s/Ronald L. Berenstain
Ronald L. Berenstain, WSBA No. 7573
Sean C. Knowles, WSBA No. 39893
Angela R. Martinez, WSBA No. 38326
Austin Rice-Stitt, WSBA No. 42166

1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
RBerenstain@perkinscoie.com
SKnowles@perkinscoie.com
AMartinez@perkinscoie.com
ARiceStitt@perkinscoie.com

Attorneys for Defendants

REPLY IN SUPPORT OF MOTION TO
DISMISS COMPLAINT – 21
10145-6012/LEGAL22486143.1

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Steven W. Berman
Karl P. Barth
Tyler Weaver
Hagens Berman Sobol Shapiro
1918 Eighth Ave., Ste. 3300
Seattle, WA 98101

Jennifer L. Gmitro
X. Jay Alvarez
Robbins Geller Rudman & Dowd LLP
655 West Broadway Avenue, Suite 1900
San Diego, CA 92101

PERKINS COIE LLP

By: s/Ronald L. Berenstain
Ronald L. Berenstain, WSBA #7573
RBerenstain@perkinscoie.com
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Defendants

REPLY IN SUPPORT OF MOTION TO
DISMISS COMPLAINT – 22
10145-6012/LEGAL22486143.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000