1

2

3

4

5              UNITED STATES DISTRICT COURT

6             EASTERN DISTRICT OF WASHINGTON

7   CITY OF ROYAL OAK
    RETIREMENT SYSTEM, individually        NO:  CV-11-77-RMP
8   and on behalf of all others similarly
    situated,                              ORDER GRANTING MOTIONS FOR
9                                          JUDICIAL NOTICE AND GRANTING
                        Plaintiff,         DEFENDANTS' MOTION TO
10                                         DISMISS
              v.
11
    ITRON, INC.; MALCOM
12  UNSWORTH; and STEVEN H.
    HELMBRECHT,
13                      Defendants.

14

15        Before the Court is Plaintiff's Motion for Request for Judicial Notice, ECF

16  No. 38, Defendants' Motion for Request for Judicial Notice, ECF No. 31 (filed as a

17  memorandum), and Defendants' Motion to Dismiss for Failure to State a Claim,

18  ECF No. 28.  The Court has reviewed the file and pleadings in this matter, has

19  heard oral argument, and is fully informed.

20

    ORDER GRANTING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE AND
    GRANTING DEFENDANTS' MOTION TO DISMISS ~ 1

1    As a preliminary matter, both parties moved the Court to take judicial notice

2  of documents attached to their memorandum of authorities and neither party

3  objected to the Court's taking judicial notice of the other party's submissions.

4  Therefore, the Court will take judicial notice of the additional documents as

5  requested by both parties.

6    ***Facts***

7    This case is a federal securities class action brought on behalf of all persons

8  who purchased or otherwise acquired Itron, Inc. ("Itron") securities between April

9  28, 2010, and February 16, 2011.  ECF No. 26 at 2.  The Lead Plaintiff in this

10  action is the City of Royal Oak Retirement System, which purchased Itron

11  securities during the Class Period.  ECF No. 26 at 7.  Plaintiff brings this action

12  against Itron and certain Itron officers and/or directors ("Individual Defendants")

13  pursuant to sections 10(b) and 20(a) of the Securities Exchange Act of 1934

14  ("Exchange Act") and Rule 10b-5 promulgated by the SEC in 17 C.F.R.§240.10b-

15  5.  ECF No. 26.

16    The basis of Plaintiff's complaint is that Itron misstated its revenue for the

17  three quarters ending September 30, 2010, to include revenue from an extended

18  warranty provision in violation of governing accounting principles.  ECF No. 26 at

19  2-3.  Plaintiff alleges that the misstatement constitutes material errors that violate

20

ORDER GRANTING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE AND
GRANTING DEFENDANTS' MOTION TO DISMISS ~ 2

federal laws, including the Sarbanes-Oxley Act of 2002 and the Exchange Act. ECF No. 26 at 2-3.

Plaintiff further alleges that the Defendants' conduct of overstating revenue resulted in artificially inflated levels for Itron stock. ECF No. 26 at 13-22. Plaintiff states that on February 16, 2012, when Itron issued a press release that included a restatement reducing its total revenue for the first nine months of 2010 by $6.1 million, that Itron's stock collapsed $6.33 per share, which represented a one-day decline of nearly 10%. ECF No. 26 at 25. Plaintiff claims that they, and others similarly situated, suffered damages as a result of the decreased stock value which they allege resulted from Defendants' misstatement of revenue. ECF No. 26 at 39-40.

Defendants move to dismiss the complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) on the basis that Plaintiff fails to allege facts that support the scienter requirement for a PLSRA claim under section 10(b) of the Exchange Act and under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); and *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981 (9th Cir. 2009). ECF No. 29. Defendants also contend that Plaintiff fails to state a claim under section 20(a) of the Exchange Act. ECF No. 29 at 36-37.

/ / /

/ / /

ORDER GRANTING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE AND GRANTING DEFENDANTS' MOTION TO DISMISS ~ 3

*Applicable Law*

A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1047 (9th Cir. 2011) (citing *Iqbal*, 556 U.S. at 678).

Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief. *Twombly*, 550 U.S. at 555. In ruling on a motion under Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff and "accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn from them." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). However, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

Section 10(b) of the Exchange Act makes it unlawful for "any person . . . [t]o use or employ, in connection with the purchase or sale of any security registered on a national securities exchange . . . any manipulative or deceptive

ORDER GRANTING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE AND GRANTING DEFENDANTS' MOTION TO DISMISS ~ 4

device or contrivance in contravention of such rules and regulations as the

Commission may prescribe as necessary or appropriate in the public interest or for

the protection of investors." 15 U.S.C. § 78j(b). SEC Rule 10b–5 was promulgated

under the Exchange Act and states in part:

> It shall be unlawful for any person, directly or indirectly, . . . [t]o make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

17 C.F.R. § 240.10b-5(b).

There are six essential elements of a Rule 10b–5 claim:1) A material

misrepresentation or omission by the defendant; 2) scienter; 3) a connection

between the misrepresentation or omission and the purchase or sale of a security;

4) reliance upon the misrepresentation or omission; 5) economic loss; and 6) loss

causation. *In re Rigel Pharm., Inc. Sec. Litig.*, --- F.3d ----, No. 10-17619, 2012

WL 3858112, at *6 (9th Cir. Sept. 6, 2012) (citing *Stoneridge Inv. Partners, LLC

v. Scientific-Atlantic, Inc.*, 552 U.S. 148, 157 (2008)).

A plaintiff must satisfy both the heightened pleading requirement of Federal

Rule Civil Procedure 9(b) and the requirements of the Private Securities Litigation

Reform Act ("PSLRA") in order to support claims alleged under section 10(b) and

Rule 10b–5. *Zucco Partners*, 552 F.3d at 990-91. Since 1995, plaintiffs must meet

the heightened pleading requirements in securities fraud cases, which require

ORDER GRANTING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE AND
GRANTING DEFENDANTS' MOTION TO DISMISS ~ 5

pleading "with particularity both falsity and scienter." *Id.* at 990 (quoting *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002)). Under the PSLRA, "the complaint shall specify each statement alleged to have been misleading, [and] the reason or reasons why the statement is misleading . . . ." *WPP Luxembourg*, 655 F.3d at 1047 (quoting 15 U.S.C. § 78u–4(b)(1)). The PSLRA further requires that the complaint "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Id.* (quoting 15 U.S.C. § 78u–4(b)(2)(A)).

To adequately demonstrate that the defendant acted with the required state of mind, a complaint must allege that the defendants made false or misleading statements either intentionally or with deliberate recklessness. *Zucco Partners*, 552 F.3d at 991. Deliberate recklessness is defined as "intentional or knowing misconduct." *Id.* The *Zucco Partners* court stated that "although facts showing mere recklessness or a motive to commit fraud and opportunity to do so may provide some reasonable inference of intent, they are not sufficient to establish a strong inference of deliberate recklessness." *Id.* To satisfy the deliberate recklessness standard, the plaintiff must plead "a highly unreasonable omission, involving not merely simple, or even inexcusable negligence, but an extreme departure from the standards of ordinary care." *Id.* Further, the omission must

ORDER GRANTING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE AND GRANTING DEFENDANTS' MOTION TO DISMISS ~ 6

1    "present[] a danger of misleading buyers or sellers that is either known to the

2    defendant or is so obvious that the actor must have been aware of it." *Id.*

3           When evaluating a motion to dismiss a § 10(b) claim for failure to properly

4    plead scienter, the court should consider the complaint in its entirety. The proper

5    inquiry is "whether all of the facts alleged, taken collectively, give rise to a strong

6    inference of scienter, not whether any individual allegation, scrutinized in

7    isolation, meets that standard." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551

8    U.S. 308, 322-23 (2007).  "In determining whether the pleaded facts give rise to a

9    'strong' inference of scienter, the court must take into account plausible opposing

10   inferences." *Id.* at 323.

## *Discussion*

12          Plaintiff pleaded sufficient facts to defeat a Rule 12(b)(6) motion that Itron's

13   financial reports for the three quarters ending September 30, 2010, were inaccurate

14   by GAAP standards because those reports included revenue that was not yet

15   generated from the extended warranty.  Plaintiff further pleaded sufficient facts

16   that investors were attentive to the financial reports, including the misstatement of

17   revenue, in making investing decisions.  However, the issue that Defendants raise

18   in their motion to dismiss is whether Plaintiff has sufficiently pleaded facts to

19   support the scienter requirement of the PSLRA. Plaintiff contends that, taken

ORDER GRANTING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE AND
GRANTING DEFENDANTS' MOTION TO DISMISS ~ 7

1    together, the allegations pleaded are sufficient to support a strong inference of

2    scienter as compelling as any competing inference.  ECF No. 33.

3         In particular, Plaintiff relies on Itron's improper accounting of the revenue

4    for an extended warranty contract, which Plaintiff argues is one of Itron's most

5    important OpenWay contracts.  ECF No. 33 at 13.   Plaintiff argues that the

6    inference of scienter is supported because Itron would have known that investors

7    rely heavily on earnings figures, and Itron's untimely inclusion of the extended

8    warranty revenue resulted in an over-reporting of $0.11 in earnings per share of

9    Itron stock.  ECF No. 33 at 15-16.  Thus, Plaintiff argues that the over-reporting

10   was material, since it exceeded the 5% "rule of thumb" for determining

11   quantitative materiality.  ECF No. 33 at 16.

12        In addition, Plaintiff argues that Itron's ethics code would have required

13   discussion with management prior to issuance of the financial statements.  ECF

14   No. 33 at 18.  Plaintiff then argues that because Itron's ethics code required

15   discussion with management, management "[was] well aware of the facts

16   underlying the misstatement."  ECF No 33 at 18.

17        Plaintiff argues that the material nature of the over-reporting, when coupled

18   with the violation of simple accounting rules and Itron's own code of ethics, raises

19   the inference that the Defendants knew that Itron was reporting false financial

20   results.  ECF 33 at 18.  Plaintiff further alleges that "Itron's restatement was the

ORDER GRANTING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE AND
GRANTING DEFENDANTS' MOTION TO DISMISS ~ 8

1    result of a 'misuse of information available to them at the time the financial

2    statements were originally prepared.'" ECF No. 33 at 18.  Plaintiff argues that

3    Defendants knew that Itron was reporting false financial results and that scienter

4    can be supported by Defendants' "misuse of information."  ECF No. 33 at 18.

5         Although Plaintiff attempts to raise a strong inference of scienter based on

6    what the Defendants "must have known" or "should have known," Plaintiff fails to

7    allege sufficient facts to support that inference.   As Defendants argue, the

8    Restatement was not a product of fictitious or improper revenue, but rather the

9    timing of the reporting of the revenue.  ECF No. 29 at 14.  In addition, Defendants

10   argue that for the applicable quarters, "the Restatement barely satisfies the 5%

11   materiality rule of thumb . . . ."  ECF No. 29 at 21.

12        The Ninth Circuit analyzed the post PLSRA falsity pleading requirement in

13   *In re Daou Systems, Inc.*, 411 F.3d 1006 (9th Cir. 2005).  In *Daou*, shareholder

14   plaintiffs claimed that the defendants systematically reported revenue before it was

15   earned in violation of generally accepted accounting principles.  *Id*. at 1023.  The

16   court found that "plaintiffs must show with particularity how the adjustments

17   affected the company's financial statements and whether they were material in

18   light of the company's overall financial position." *Id*. at 1018.  The court

19   acknowledged that plaintiffs met the heightened PSLRA pleading standard of

20   falsity by alleging a "myriad observations of accounting misfeasance."  *Id*.

ORDER GRANTING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE AND
GRANTING DEFENDANTS' MOTION TO DISMISS ~ 9

In examining plaintiff's allegations, the court must consider whether "[a]n inference of fraudulent intent may be plausible, yet less cogent than other, nonculpable explanations for the defendant's conduct." *Tellabs Inc.*, 551 U.S. at 323.  The mere fact that defendants filed a restatement is insufficient by itself to support a strong inference of scienter.  *Zucco Partners*, 552 F. 3d at 1000.

In this case, there were not myriad accounting errors.  The amount in question was just barely above the 5% rule of thumb for materiality, and the reporting of the revenue was premature rather than fictitious.  As the Defendants argue, the competing, nonculpable explanation for the issues that Plaintiff highlights is that Itron made a mistake in their accounting procedures by including the revenue from the extended warranty in the first three quarters ending September 30, 2010, and subsequently corrected that error by filing the restatement.  The error was reporting revenue that should not have been reported for the first three quarters, but which reflected only slightly more than 5% of net income.  Defendants persuasively argue that their actions do not rise to the level of an "extreme departure of ordinary care."  *See Zucco Partners*, 552 F.3d at 991.

Plaintiff also argues that the inference of scienter is strengthened by expanding the analysis to include the Individual Defendants' motivation of increased compensation and monetary incentives to fraudulently report a higher revenue figure.  ECF No 33 at 21.  In the Consolidated Complaint, Plaintiff alleges

ORDER GRANTING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE AND GRANTING DEFENDANTS' MOTION TO DISMISS ~ 10

1    that "the Individual Defendants' compensation packages incentivized them to

2    commit fraud because the vast majority of their annual pay–75% –was tied to net

3    income."  ECF No. 33 at 21.  However, there is no allegation that the Individual

4    Defendants' compensation packages were calculated on the misstated financial

5    reports that included prematurely the extended warranty revenue rather than on the

6    revenue as stated in the restatement that did not prematurely include the extended

7    warranty revenue.

8         Plaintiff also argues that scienter was demonstrated by the Individual

9    Defendants' signing the Sarbanes-Oxley certifications.  However, Plaintiff fails to

10   allege that the Individual Defendants knew that the SOX certifications were false

11   when they signed them.  As the Ninth Circuit has explained, allowing boilerplate

12   SOX certifications to create an inference of scienter in every case where there was

13   an auditing error or accounting mistake by a publicly traded company "would

14   eviscerate the pleading requirements for scienter set forth in the PSLRA." *Zucco*

15   *Partners*, 552 F.3d at 1004 (internal quotations and citations omitted).  Therefore,

16   Plaintiff fails to allege facts that support that the Individual Defendants signed the

17   SOX certifications with the requisite state of mind.

18        Plaintiff argues in his memorandum opposing Defendants' motion to dismiss

19   that Malcolm Unsworth's retirement from Itron six months after the restatement

20   was filed supports an inference of Defendants' scienter.  ECF No. 33.  However,

ORDER GRANTING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE AND
GRANTING DEFENDANTS' MOTION TO DISMISS ~ 11

1    Defendants are moving to dismiss pursuant to Federal Rule of Civil Procedure

2    12(b)(6).  Therefore, this Court looks only to the allegations contained in the

3    Consolidated Complaint in this case to determine whether Plaintiff has failed to

4    state a claim.  Plaintiff may not rely on facts not alleged in the Consolidated

5    Complaint to support scienter, and the Consolidated Complaint contains no

6    allegations regarding Mr. Unsworth's retirement.  In addition, retirement of a

7    corporate officer alone is not enough to raise an inference of scienter. The plaintiff

8    must plead additional facts refuting the reasonable assumption that the retirement

9    occurred as a result of the restatement's issuance itself, or other unrelated personal

10   or business reasons. *See, e.g.*, *Zucco Partners*, 552 F.3d at 1001-02.

11         Finally, to bring a claim under section 20(a) of the Exchange Act, Plaintiff

12   must allege violations of underlying securities laws and that the primary violator(s)

13   were under the defendants' actual control.  *Howard v. Everex Sys. Inc.*, 228 F.3d

14   1057, 1065 (9th Cir. 2000).  If the Plaintiff has failed to plead sufficient facts to

15   support the scienter requirement of violations of underlying securities laws, then

16   Plaintiff also has failed to plead sufficient facts of an element of a claim under

17   section 20(a). *See, e.g.*, *Zucco Partners*, 552 F.3d at 990.

18         Viewing all of Plaintiff's factual allegations as true and in the light most

19   favorable to the Plaintiff, but also taking into account plausible opposing

20   inferences, the Court finds that Plaintiff's allegations that Defendants'

ORDER GRANTING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE AND
GRANTING DEFENDANTS' MOTION TO DISMISS ~ 12

misstatement of the extended warranty revenue for the first three quarters ending September 30, 2010, and subsequent Restatement correcting that misstatement, do not rise to the level of "extreme departure from the standards of ordinary care," as required by *Zucco Partners*. *Zucco Partners*, 552 F.3d at 991. If simple allegations were sufficient, "virtually every company in the United States that experienced a downturn could be forced to defend securities fraud actions." *Zucco Partners*, 552 F.3d at 1005.

The Court finds that Plaintiff has failed to allege facts sufficient to support the requisite scienter for a claim under sections 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated by the SEC in 17 C.F.R.§240.10b-5. Accordingly, Plaintiff also has failed to allege facts sufficient to support all of the elements for a claim under section 20(a) of the Exchange Act. Therefore, the Court grants Defendants' Motion to Dismiss.

**IT IS ORDERED** that:

1. Plaintiff's Motion for Judicial Notice, **ECF No. 38**, is **GRANTED**.

2. Defendants' Motion for Request for Judicial Notice, **ECF No. 31 (filed as a memorandum), is GRANTED.**

/ / /

/ / /

/ / /

ORDER GRANTING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE AND GRANTING DEFENDANTS' MOTION TO DISMISS ~ 13

3.  Defendants' Motion to Dismiss for Failure to State a Claim, **ECF No. 28**, is **GRANTED.**

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order, provide copies to counsel, and **close** this case.

**DATED** this 11th day of September 2012.


　　　　　　　　　　*s/ Rosanna Malouf Peterson*
　　　　　　　　　ROSANNA MALOUF PETERSON
　　　　　　　Chief United States District Court Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE AND
GRANTING DEFENDANTS' MOTION TO DISMISS ~ 14